LeSUEUR, Judge.
Defendant has appealed from a judgment in favor of plaintiff in the amount of $293.41 for property damages arising out of an automobile accident.
On January 16, 1964, at about 8:15 p. m., plaintiff’s daughter, Earlene Pellandini, was driving plaintiff’s 1959 Chevrolet automobile, with plaintiff’s permission, in a northerly direction along Gentilly Road. Gentilly Road in the area of the accident is divided by a narrow neutral ground, each side of the roadway having 3 lanes of traffic, separated by lane indicators on the roadway. Miss Pellandini was in the lane closest to the neutral ground. After entering the intersection of Gentilly Road and Lapeyrouse Street, Miss Pellandini was suddenly confronted by a vehicle crossing the intersection after turning from Gentilly Road’s southbound roadway toward Lapey-rouse Street and was unable to avoid striking the crossing vehicle. Defendant, Joseph S. Bruno, had turned left after looking and seeing Miss Pellandini approaching from the opposite direction. There were no witnesses to the accident nor are there .any traffic control devices controlling the intersection.
Defendant contends that the trial court was in error in failing to find Miss *62 Pellandini contributorily negligent, citing her testimony that she was looking straight ahead hut not to left or right and did not see defendant’s car as she should have -if she were driving in a careful and prudent manner. From the record presented, there is no evidence that Miss Pellandini was not driving in a careful manner and to hold that she should anticipate that an oncoming driver would turn in front of her as she travelled on a favored street would be holding her to an extreme degree of care far greater than that required by law, especially in light of the defendant’s own testimony that he saw her approaching but turned in front of her thinking that he had sufficient time to traverse the intersection prior to her vehicle reaching the same. Miss Pellandini estimated her speed at 20 miles per hour, while defendant estimated it at 35 to 40 miles per hour. Miss Pel-landini had just one block before the scene of the accident executed a left turn onto Gentilly Road and her estimate of speed appears to be the more reasonable. If she was indeed travelling at a greater rate of speed, defendant was all the more negligent in turning across her path after having seen her.
Defendant also contends that he was “compelled” by the trial judge to testify after plaintiff had closed her case. The record indicates that the trial judge requested defendant to testify in an attempt to secure a more complete picture of the events leading up to and including the collision. His action was not an instance of compelling a party to testify against his interests, but was merely an effort towards a clarification of the facts for the court’s benefit.
Defendant’s contention that plaintiff has not sufficiently proven her damages is without merit. Plaintiff produced evidence that her automobile was in good mechanical condition before the accident. Estimates for repairs resulting from the accident, supplemented by testimony of a representative of the company that performed the repairs, and proof of payment for the repairs were all duly entered into the record. Defendant has attacked this proof but has not been able to prove legal error on the trial judge’s part in accepting this proof as sufficient.
For the foregoing reasons, the judgment of the trial court against Joseph S. Bruno and in favor of Mrs. Lena Bordelon, widow of Joseph Earl Pellandini, in the amount of $293.41, with legal interest from date of judicial demand until paid and all costs of these proceedings, is affirmed.
Affirmed.