ELLIS, Judge.
This suit arises out of an accident which occurred on the night of July 14, 1967, at the intersection of S. Foster Drive and Claycut Road in East Baton Rouge Parish. The vehicles involved were an automobile operated and owned by Charles A. Zachariah and a motorbike being operated by Joseph L. Mayeux, Jr., plaintiff’s minor son. After trial on the merits, judgment was rendered in favor of plaintiff, individually, against the defendants for $3,418.-50, and in favor of plaintiff for the use and benefit of his minor son for the sum of $10,000.00. From this judgment, defendants have appealed and plaintiff has answered the appeal asking for an increase in the damages awarded.
S.Foster Drive is a four lane street which runs in an approximate north-south *235 direction. At the point of its intersection with Claycut Road, there is a curve to the east. The degree of curvature is such that a vehicle stopped in the inside northbound lane of S. Foster Drive at its intersection with Claycut can see approximately two-thirds of a block to the north. The intersection is controlled by a traffic semaphore signal.
On the night of the accident, Mr. Zachariah came up to the traffic signal at a slow rate of speed, waiting for it to change to green. He testified that it changed as he neared the light, and without bringing his car to a stop, he began a left turn into Claycut. He testified that as he looked north on S. Foster Drive, before making his turn, he saw no lights approaching. As he entered the outside southbound lane, his vehicle struck the motorbike operated by young Mayeux. Mr. Zachariah said he did not see the motorbike prior to the collision.
According to Mayeux’s testimony, he was going south on S. Foster Drive and observed from some distance that the light was red. He testified that he slowed the speed of his bike to twenty or twenty-five miles an hour, and when he was a half block away, the signal changed to green. He thereupon accelerated to a speed of thirty miles an hour and entered the intersection. He stated that he looked toward the intersection but did not see anything which posed a threat to him as he approached. He did not see the Zachariah car begin its turn or further observe it until the moment of the collision.
An off duty State trooper who was immediately behind young Mayeux corroborates his testimony in every detail as to speed, location, and the condition of the light. He stated that he could see an accident was going to happen as soon as Zachariah began his turn.
Defendants contend that the trial court erred in finding Zachariah guilty of negligence under all of the circumstances of the case, particularly in light of the allegedly limited field of view looking northerly from the intersection. This position is untenable.
Trooper Seals, whose car was behind the motorbike, was able to see defendant’s car when the light turned green, and saw him commence his turn. Mr. Zachariah obviously should have been able to see both the Seals car and the motorbike, but testified that he saw no vehicles approaching on S. Foster Drive. He failed to see what he should have seen, and his negligence was a proximate cause of the accident.
Alternatively, defendants plead the contributory negligence of young May-eux. This contention is likewise without merit. He was in his proper lane of traffic and was operating his motorbike within the speed limit. By the time it became evident that Mr. Zachariah was going to make the turn, the accident was inevitable. Young Mayeux had no recollection of seeing the defendant’s vehicle, but he had looked ahead when the light changed, and saw nothing that posed a threat to him. When the light changed, defendant was twenty-five feet from the point where he began his turn, and was therefore not turning when Mayeux looked ahead. The law is clear that he could assume that Zachariah would obey the law and not cut into the intersection. We find no contributory negligence on the part of young Mayeux.
In his answer to the appeal, plaintiff claims that the lower court failed to award $2,000.00 as future medical expenses. This item was testified to by plaintiff’s physician, and is for plastic surgery to correct certain defects to the appearance of young Mayeux caused by scarring. This amount should have been awarded.
Plaintiff also contends that the award of $10,000.00 made for pain and suffering and permanent disfigurement is inadequate and asks for an increase to $25,000.00. We have reviewed the only case cited by plaintiff in support of his request for an increase and find it inapposite. Our review *236 of the applicable jurisprudence leads to the conclusion that the award is neither excessive nor inadequate.
Young Mayeux suffered a concussion and a number of cuts on his face. Over ISO stitches were needed to sew him up, and a skin graft had to be applied to the temple. At the time of the accident, the scars were extremely unsightly, as revealed by color photographs in the record. However, the district judge, in his reasons for judgment, commented that “an excellent job of surgery was done on young Mayeux’s face and the resulting scars are not as severe and noticeable as you might think from looking at the pictures made immediately after the accident”. The doctor recommended no additional surgery, except for an operation to restore the hairline at the temple, where it was destroyed by the skin graft.
Plaintiff has also asked for damages for a frivolous appeal, but we find no merit in this request.
The judgment appealed from is amended by increasing the special damages from $3,418.50 to $5,418.50, and, as amended, it is affirmed, at defendant’s cost.
Amended and affirmed.