BOLIN, Judge.
Bobby Gilcrease brought suit against Thomas E. Crow for damages for $1274.-11, the amount he alleges would be required to repair his 1967 Triumph motorcycle, which was involved in an accident with a Rambler station wagon owned and operated by Crow. Crow answered, denying he was negligent, and affirmatively alleged plaintiff was contributorily negligent. He also reconvened, demanding $192 as property damage to his Rambler. Further, in the alternative, should the court hold defendant liable, he asked the court to limit the award of damages to not more than $461.79. There were no allegations of personal injuries by either party. The lower court found both parties negligent and rejected plaintiff’s demands. Plaintiff appeals and defendant answers, admitting both parties were negligent but asks the judgment be amended to reflect the contributory negligence of plaintiff.
In view of the admission of defendant’s negligence, we need only examine the record to determine if the finding of contributory negligence is substantiated.
While there are two versions of the accident, it is undisputed that Crow was driving his Rambler automobile east on Kings Highway, a four-lane street in the City of Shreveport, and had almost completed a left turn into Mansfield Road when Gil-crease’s motorcycle struck the right rear fender of his car. Gilcrease had been proceeding west on Kings Highway and was intending to continue straight ahead. The semaphore light was green for east-west traffic on Kings Highway at the time of the collision, which occurred at approximately 4:21 P.M. The weather was clear and the streets were dry.
Defendant testified he had stopped to allow a truck in the approaching lane to turn south or left into Mansfield Road; that he then commenced his left turn but did not observe the motorcycle until it had struck him.
Gilcrease testified he was slightly to the right of and behind the left-turning truck, which occupied some portion of his lane, and the light was green as he approached and entered the intersection. He stated that after the truck turned he accelerated his speed and was traveling 20 to 25 miles per hour into the intersection when he ob *176 served the defendant’s vehicle turning left immediately in front of him, so near he was unable to stop in time to avoid the accident.
The trial judge dictated a short opinion into the record in which he made the following assertion pertaining to the negligence of plaintiff:
“This young man [Gilcrease] apparently was not stopped at the intersection, because he was making according to his testimony twenty to twenty-five miles per hour. We think both parties were guilty of negligence, and that neither party can recover for that reason.”
Although we agree with the trial judge that young Gilcrease was not completely stopped at the intersection and that he was proceeding at 20 to 25 miles per hour when he struck the Crow car, nevertheless we conclude it was error to hold defendant had borne the burden of proving plaintiff’s actions constituted contributory negligence.
It is also contended Gilcrease’s admission that he looked to his right but not to his left before entering the intersection was negligence. Three recent cases, cited by appellant, clarify the duty of a motorist entering an intersection on a green light. In Moore v. Traders & General Insurance Company (La.App. 2 Cir. 1969), 227 So.2d 174, 177, the court applied the rule, previously established by the Supreme Court, that “A driver approaching an intersection with the green light in his favor is not ‘obliged * * * to turn his head in the direction of traffic approaching from his left or right, * *.’ Youngblood v. Robison, 239 La. 338, 118 So.2d 431, 434, 2 A.L.R.3d 1 (1960).” To the same effect are the holdings in Pellandini v. Bruno (La.App. 4 Cir. 1969), 228 So. 2d 61 and Mayeux v. Maryland Casualty Co. (La.App. 1 Cir. 1969) 228 So.2d 234.
We hold defendant has failed to prove plaintiff was contributorily negligent in proceeding into the intersection pursuant to the green traffic light at a reasonable rate of speed without observing the left-turning motorist in time to avoid the accident.
This leaves for determination the amount to be awarded plaintiff for the damage to his motorcycle. Mr. Golden, owner of Caddo Cycle Center, handling both sales and repairs, testified that an estimate of the cost of repairs was made by his mechanic and approved by him. This estimate, filed in evidence, itemized the necessary work and parts needed to effectuate the repairs totaling $1274.11. Since this is the only positive evidence with regard to quantum of damages for the cost of repairs to the motorcycle, we conclude plaintiff is entitled to be fully recompensed for such repairs, i. e. $1274.11.
For the reasons outlined above, that portion of the judgment rejecting the recon-ventional demands of defendant is affirmed. In all other respects the judgment is reversed and it is now ordered there be judgment in favor of Bobby J. Gilcrease and against Thomas E. Crow for $1274.11, plus legal interest thereon from judicial demand until paid and for all costs.