DENNIS, Judge.
This suit arises from an interse’ctional collision between a left-turning vehicle and an oncoming automobile in an opposing traffic lane.
Randall Procell sued S. B. Barnes and his wife, Freda Barnes, and their insurer, Sentry Insurance Company, for personal injuries and property damage resulting from an intersectional collision between automobiles driven by Procell and Mrs. Barnes. Defendants reconvened for damages alleged to have been sustained in the accident. For reasons made a part of the record the trial judge found the accident was caused by the negligence of both drivers and rejected all demands. Plaintiff appealed and defendants have answered the appeal.
Procell was traveling north on Fairfield Avenue in Shreveport at approximately 35 miles per hour at about 10:45 A.M. on October 30, 1973. Mrs. Barnes had stopped at a service station on the northwest corner of Fairfield and Pierre-mont Road to ask for directions. She entered Fairfield north of the intersection and pulled into the left turn lane headed south. She stopped behind an unidentified vehicle waiting for a change in the traffic signal which was then red. As Procell approached in a northerly direction the unidentified vehicle safely executed a left turn across his path and departed in an easterly direction along Pierremont Road. Shortly thereafter, Mrs. Barnes also attempted a left turn, and her vehicle collided with the Procell car.
At the intersection, Fairfield consists of three lanes of traffic, two outside lanes for northbound and southbound traffic, and a *347 middle lane for left turns by vehicles facing each other. Traffic on Fairfield is controlled by four electric semaphore signal lights. One signal light is suspended above each of the northbound, the southbound, and the two left turn lanes.
There was a great deal of testimony regarding the sequence and length of time of illumination of each traffic light at the intersection. The upshot of the testimony was that when the light in Mrs. Barnes’ left turn lane first turned from red to green it did so without a green arrow, thus indicating that a left turn would not be protected from oncoming traffic. Accordingly, at this time the motorists in the northbound lane approaching on Fairfield, such as Procell, had a green light, indicating that they could proceed across Pierre-mont Road and on to the north. After the light in Mrs. Barnes’ left turn lane had been green for 9.0 seconds, a green left turn arrow appeared, indicating that a left turn would be protected, and of course, the light in the northbound lane, the one being used by Procell at the time of the accident, simultaneously turned red so as to stop the traffic there and afford such protection.
Without actually resolving the dispute as to the status of the signals at the time of the accident, the trial court found that Procell had been negligent in not slowing down as he observed Mrs. Barnes position her vehicle for a left turn, and determined that Mrs. Barnes had been negligent in not keeping a proper lookout as she attempted a left turn. We agree with the lower court’s finding that Mrs. Barnes was negligent but disagree with its conclusion that Procell was contributorily negligent.
Procell testified that as he was approaching the intersection, the signal for northbound traffic turned green. Mrs. Barnes testified that she had to stop because of a red light in her lane, that she proceeded with her left turn immediately following the vehicle in front of her, and that she had the green arrow. A Shreveport traffic engineer testified that southbound traffic would never have a green arrow immediately following a red signal because that arrow is a lagging arrow, or one at the end of the green cycle. A green light without an arrow follows the red light in the sequence for the southbound left turn lane. For a portion of that same time there is a green light for the northbound traffic lane.
Procell’s testimony, unlike that of Mrs. Barnes, is consistent with the testimony of the traffic engineer. Undoubtedly, the car in front of Mrs. Barnes turned on the green signal without the arrow. This was a properly executed turn since that vehicle could clear the intersection before plaintiff’s arrival. Defendant improperly attempted to follow before she had the green arrow. At the scene of the accident Mrs. Barnes admitted to an investigating officer that she had turned left on a green light and not a green arrow. Her admission, unlike her testimony at the trial, is consistent with all of the other evidence.
Procell, on the other hand, was in the proper lane of traffic, and the facts indicate that he had the right of way according to the traffic signal. There is no evidence that he was exceeding the speed limit or that his speed was otherwise unreasonable. He testified that he was about 50 yards away from the intersection when his light changed to green. He stated that the first car completed its turn when he was about 15 yards from the intersection. He testified that defendant started her turn at some time after he was within 10 yards of the intersection. Plaintiff swerved to avoid the collision but was unable to do so. The law is clear that he could assume that the defendant would obey the law and not cut across his path. Mayeux v. Maryland Casualty Company, 228 So.2d 234 (La.App., 1st Cir. 1969). We find no contributory negligence on the part of plaintiff.
Plaintiff testified without contradiction that his car was worth $500 at the time of the accident and that it was totally *348 destroyed. Plaintiff further testified that he received bruises on both knees but received no more serious injury. We will award plaintiff $500 for his property damage and $200 for his physical injuries.
For the reasons herein assigned, it is ordered, adjudged, and decreed the judgment of the trial court rejecting plaintiff’s demands be reversed and judgment rendered herein in favor of plaintiff, Randall L. Procell, and against defendants, S. B. Barnes and Sentry Insurance Company, in the full sum of $700, together with legal interest thereon from date of judicial demand, until paid, and all costs of these proceedings. The judgment of the trial court rejecting the demands of plaintiffs in re-convention is affirmed.