PRICE, Judge.
This is an action for property damages arising out of a collision on April 22, 1966, between a 1966 Valiant operated by Mrs. Edwin A. Guillory and a 1957 Chevrolet driven by Charley A. Czarniecki. The Valiant automobile was owned by TriWheel, Inc., d/b/a Econo-Car of Shreveport and was under lease to Mr. Guillory for the use of his wife. Tri-Wheel, Inc. and its collision insurer, American Home Assurance Company, brought this action to recover the cost of repair to the automobile which was stipulated to be $1,053.-74. Tri-Wheel, Inc. also seeks damages for the loss of revenues from this automobile while it was being repaired.
The Chevrolet automobile driven by Charley A. Czarniecki was registered in the name of Jesse G. Waters. Mr. Waters had a liability insurance policy on this automobile with State Farm Mutual Insurance Company.
At the time of the accident Charley A. Czarniecki was 16 years of age. M. J. Czarniecki, the father of Charley A. Czar-niecki, was named as defendant, individually, and as administrator of the estate of his minor son, who resided with him. Mr. M. J. Czarniecki had a family type automobile insurance policy with the Aetna Insurance Company.
The accident happened at about 11:30 P.M. at the intersection of Jewella Road with the Greenwood Road in the City of Shreveport. Mrs. Guillory was traveling north on Jewella, attempting to cross Greenwood Road. After stopping at the intersection for a traffic control signal she proceeded into the intersection on a green light and was struck by the automobile driven by Charley A. Czarniecki, who was *117 traveling west on Greenwood Road. The Czarniecki youth entered the intersection against a red light.
Defendant, M. J. Czarniecki, in answer to the plaintiffs’ petition, alleged contributory negligence and the doctrine of last clear chance against Mrs. Guillory for proceeding into an intersection without first looking both ways to see if she could do so in safety and in failing to see that the Chevrolet automobile was in such proximity to the intersection when the light changed that it could not stop.
In his answer the defendant, Czarniecki, assumed the position of third party plaintiff and impleaded the State Farm Mutual Insurance Company and Aetna Insurance Company as defendants, alleging that, should he or his son be cast in judgment, there should also be judgment in his favor for the same amount, plus damages and attorney’s fees, against third party defendants in solido.
Mr. Czarniecki contends that his minor son was driving the Chevrolet automobile with the permission and consent of the insured within the terms of and within the meaning of the omnibus clause of the State Farm insurance policy and within the terms of and meaning of the non-owned automobile clause of the Aetna insurance policy, and that each of these policies would, therefore, provide liability coverage for young Czarniecki. It is also contended that by the terms of each of these policies State Farm and Aetna owed the obligation of defending the action on behalf of Charley Czarniecki. Subsequent to the filing of the third party demand, the plaintiffs in the original demand filed a supplemental petition joining State Farm and Aetna as defendants in their action, alleging coverage by these companies for the same reasons set forth in the third party action.
Aetna denies any liability under its policy, contending that its policy only covered Mr. Czarniecki and his minor son while either was driving a non-owned automobile with the permission of the owner of such automobile, and that the record owner of the Chevrolet had not given Charley Czarniecki permission to use the automobile. Aetna further contends that, should any coverage exist, under the terms of its policy it is only excess coverage taking effect after the policy limits of the primary insurer, State Farm, have been exceeded and that the amounts claimed herein are well within the limits of the State Farm policy. The obligation to defend Mr. Czarniecki is denied on the basis that the coverage afforded by the Aetna policy is an excess coverage in this situation.
State Farm, in its answer, denied the negligence attributed to Charley Czar-niecki, alternatively pleaded the contributory negligence of Mrs. Guillory and affirmatively alleged its policy did not cover the Czarnieckis because Charley Czarniecki was not using the automobile with the express or implied permission of its named insured as required under its policy provision.
This case was consolidated for trial on the merits with an action brought by Mr. and Mrs. Guillory for personal injuries to Mrs. Guillory and property damage and expenses paid by the community against these same defendants. Judgment was rendered in this case by the district court against the Czarnieckis and in favor of the plaintiff, American Home Assurance Company, in the amount of $803.74, and in favor of Tri-Wheel, Inc., d/b/a Econo-Car of Shreveport, in the amount of $550.-00. Judgment was rendered on the third party demand in favor of the Czarnieckis and against the defendant, State Farm, for the amount of the judgment rendered against the Czarnieckis in the principal demand. They were further awarded judgment against State Farm for attorney’s fees in the amount of $1,500.00. The demands against the Aetna Company were rejected on both demands. From these judgments all parties have appealed except Aetna Insurance Company.
*118 The only assignment of error on this appeal relating to quantum on the main demand is appellants’ contention that the district court awarded plaintiff, TriWheel, Inc., $300.00 for loss of rentals on the automobile, during the time it was being repaired, without sufficient evidence to justify the award. Tri-Wheel, Inc. produced proof of the average gross rental earned by the automobile. The primary complaint of appellants is that the court allowed the expected gross rental rather than a net figure. The evidence we believe established that the expenses relating to this vehicle continued to be incurred even though it was not in use. The mortgage payment had to be paid and all overhead costs are not prorated to any particular vehicle. Gasoline is paid for by the lessee and not an item of expense to Tri-Wheel, Inc. We are of the opinion that the judge’s award of damages for loss of rental is correct.
We can find no error in the finding of the district judge that this accident happened solely from the negligence of Charley Czarniecki.
The accident occurred at about 11:30 P.M. on a rainy night. Charley Czarniecki testified that he was traveling 40 to 50 miles per hour when he saw the light begin to change from yellow to red and that he applied his brakes but was unable to stop before sliding into the intersection and striking the Guillory car. Mrs. Guil-lory testified she had stopped for a red signal and after it changed to green she proceeded across two of the four lanes of Greenwood Road before being struck by the other car. She did not see the other car before it struck her. We believe the excessive speed of Charley Czarniecki on the slippery road was the cause of this accident and that Mrs. Guillory was not guilty of negligence in failing to see his vehicle. She had the right to assume that traffic facing a red light would obey the law and respect her right-of-way. Bourgeois v. Francois, 245 La. 875, 161 So.2d 750 (1964).
In order to determine if either of the insurance policies afford coverage to the Czarnieckis in this case, it is necessary to understand the history of events which placed young Czarniecki in possession of this car at the time of the accident.
As previously stated herein, the 1957 automobile being driven by Charley Czar-niecki was registered in the name of Jesse G. Waters. The insurance policy was issued in his name. The car was bought by his minor stepson, Randy Carroll, who was paying the mortgage payments on the car and had exclusive use and control of the vehicle. On the day of the accident Randy Carroll loaned the car to a friend, Hans Gerteis, who asked to use the car for the evening, as his own car was out of repair. Gerteis represented to Randy Carroll that he intended to double date and go to the auto races at the State Fair grounds in Shreveport. Gerteis was given possession of the car at 5 :00 o’clock in the afternoon. He first took his mother grocery shopping. He then proceeded to pick up Charley Czarniecki and their dates for the evening. The races were cancelled because of rain and they decided to attend a party in the Western Hills Subdivision in the extreme western section of Shreveport. As the girl friend of Charley Czar-niecki had to be home at 11:00 o’clock, and the other couple was not ready to leave the party, it was decided that Czar-niecki would use the borrowed car to take his date home and then return. He was returning to the party when the accident occurred. The evidence discloses that Mr. Waters, the record owner of the car, had no knowledge of its being loaned nor had he ever given any instructions to his stepson regarding its use by others. Charley Czarniecki did not know either Randy Carroll or Jesse G. Waters.
We shall first discuss the issue of coverage of Charley Czarniecki by the policy of State Farm Mutual Insurance Company. The provision of their policy issued to *119 Mr. Waters defined an insured person as follows:
“Persons insured. The following are insureds under Part I:
(A) With respect to the owner automobile
(1) The named insured and any resident of the same household.
(2) Any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission.”
In resolving this question it must be decided whether Charley Czarniecki was operating the Waters car with the permission of the named insured, and, if so, whether his actual use was within the scope of the permission granted.
It has been the jurisprudence of this State for a number of years that, in order for an operator of a motor vehicle to come within the omnibus coverage of a liability policy, it is not necessary for the operator to have the express permission of the named insured because permission may be implied under proper circumstances. Parks v. Hall, 189 La. 849, 181 So. 191; Dominguez v. American Casualty Co., 217 La. 487, 46 So.2d 744 (1950). In Buckelew v. Roy, La.App., 168 So.2d 831 (2d Cir. 1964), decided by this court, the facts involved were very similar to the case under consideration. The provision of the insurance policy relating to the definition of an insured person was identical to that of the policy of State Farm in this case. The court in the Buckelew case found implied permission existed where a father let his minor son take an automobile on a date without any instructions to the son prohibiting the use of the automobile by anyone else. The son in that case allowed his friend to use the car to pick up the friend’s date and the accident occurred while the friend was driving. In finding the implied permission the court in that case held:
“It is well established that in order for a second permittee to come within the omnibus coverage of an insurance policy, he is not required to have express permission from the named insured to use the automobile, but such permission may be implied from the existing facts and circumstances. See Hurdle v. State Farm Mutual Automobile Insurance Company (La.App. 2 Cir., 1961) 135 So.2d 63; Thomas v. Peerless Insurance Company (La.App. 2 Cir., 1960) 121 So.2d 593; Brooks v. Delta Fire & Casualty Company (La.App. 1 Cir., 1955) 82 So.2d 55.”
The court in the Buckelew case also cited the case of Touchet v. Firemen’s Insurance Company of Newark, N. J., La.App., 159 So.2d 753 (3rd Cir., 1964). In the Touchet case the court held that a father, by permitting his son to use the automobile for an evening of entertainment with no restrictions, thereby generally turned it over to the son for the evening, which carried with it implied permission for others to drive. A very logical and comprehensive analysis of the problem of implied permission was written by Professor J. Denson Smith in 22 La.L.Rev., page 381, in which he comments as follows:
“In dealing with a similar problem, the Third Circuit in Touchet v. Firemen’s Ins. Co. appears to have extended existing jurisprudence in holding that a father who gave his son the use of his car for an evening thereby clothed the son with such general discretion and control that he was impliedly authorized to permit another to drive. The resolution of this kind of problem ought to turn on what the father should reasonably anticipate and expect under the circumstances. If, for example, he furnishes a car for the use of the son on an indefinite basis, as the latter’s discretion may dictate according to the circumstances, it should follow that the *120 authority granted to the son would extend to his letting others drive when this might suit his convenience since this should have been within the father’s contemplation. It is by no means clear, however, that such action by the son should be anticipated and impliedly approved by a father who lends his car to the son for merely an evening of pleasure. The problem, of course, involves a matter of degree. The holding of the court seems to be more in keeping with the position of Justice Sanders, dissenting [concurring] in Rogillio v. Cazedes-sus, than with the majority opinion.”
Justice Sanders in the case of Rogillio v. Cazedessus, 241 La. 186, 127 So.2d 734 (1961), in a concurring opinion, very ably stated the initial permission rule in the following language:
“Concisely stated, this doctrine is that initial permission, express or implied, is sufficient to constitute the operator of a vehicle an insured under the omnibus clause. It is predicated upon a rationale that the owner of a vehicle should reasonably anticipate and foresee deviations and that by placing the vehicle in the control of the permittee he impliedly consents to its extended use. Parks v. Hall, supra; Dominguez v. American Casualty Co., 217 La. 487, 46 So.2d 744.”
In the instant case the automobile insured by State Farm Mutual, although titled and insured in the name of Jesse G. Waters, for all intents and purposes belonged to his stepson, Randy Carroll. Randy had exclusive use and control of the automobile and no restrictions had ever been imposed on this youth. Under these facts, we conclude that it would be reasonable and logical to assume that Randy Carroll had full authority to use this automobile as he saw fit.
By allowing this unrestricted use of the automobile by his stepson, it would be reasonably anticipated that the permit-tee, Randy Carroll, would allow others to use the automobile, and, therefore, Mr. Waters would have impliedly consented to its extended use in accordance with the principles laid down in the case of Parks v. Hall, supra. The defendant, State Farm, contends that even though the court should find that implied permission may have existed to constitute the second per-mittee, Hans Gerteis, an insured, the implied permission could not be extended to the third permittee, Charley Czarniecki. The jurisprudence relied upon for this argument comes from other jurisdictions which we do not consider to be in line with the theory followed by the Louisiana jurisprudence.
Under the particular facts and circumstances involved in this case, we do not see fit to limit the extension of the implied permission to only the second per-mittee. The evidence is clear that Randy Carroll gave Hans Gerteis permisssion to use the automobile without any express restriction on its use by others. Randy Carroll knew that Hans Gerteis intended to take the automobile on a double date with another party, and it would be reasonable and logical to assume that circumstances could arise which would necessitate that the other party drive the automobile in accomplishing their intended purpose.
 It is further contended by State Farm that the actual use at the time of the accident, by Charley Czarniecki, was not within the scope of the permission granted. Although it is true that, at the time the use of the automobile was requested by Hans Gerteis, it was understood that his principal destination would be the State Fair Grounds, it was also disclosed that he and his companion would have dates for the evening. No specific restriction was discussed other than for the automobile to be returned by around midnight, as that was the particular hour when Randy Carroll concluded his work. The jurisprudence of this State has followed the liberal rule in the interpreta *121 tion of the omnibus clause in the liability insurance policy.
In the case of Parks v. Hall, supra, the court made the following comment on the question of deviation from the original permission, to-wit:
“The words used in the clause would be practically meaningless and the object there made nugatory if it were necessary to determine in every case whether, at the time and under the circumstances of the accident, the driver was proceeding within the limitations of the permission of the assured to use the C3.I* ^ ^ **
The defendant, State Farm, has urged that a change was effected in the wording of the omnibus clause of the policy in January of 1963 to include a specific provision requiring that the actual use be within the scope of the permission granted by the named insured, and that this change has modified the “initial permission” rule as laid down by the jurisprudence of this State.
We cannot agree with this contention of defendant. There was no substantial deviation in this case from the permission which was granted to Hans Gerteis in the use of the automobile. The change in plans was an unforeseen and impromptu deviation which did not subject the automobile to much more travel than had been originally contemplated. The area where the party was being held was just a few miles out the Greenwood Road from the Fair Grounds. The use of the automobile by Charley Czarniecki was for the com--mon benefit of himself and Hans Gerteis in the furtherance of their mission for the evening. We do not, therefore, find that the deviation from the stated purpose of use in this case to be such that it is material, nor that it is the type of deviation that would have caused Randy Carroll to have withheld his original permission for the use of the car.
For these reasons, we, therefore, find that the district court was correct in holding that Charley Czarniecki had the implied permission of the named insured to drive the automobile insured by State Farm, and was, therefore, an omnibus insured under their liability policy.
The district court awarded M. J. Czarniecki the sum of $1,500.00 as attorney’s fees against State Farm for its failure to furnish a defense to the suit on behalf of his minor son. An equivalent amount was awarded in the consolidated case of Guillory v. Czarniecki, La.App., 216 So.2d 122, in which an opinion is being rendered on this date. State Farm has assigned that the court erred in awarding this amount, as the testimony revealed that approximately one-half of the attorney’s time was spent in preparation and trial of the third party demand against State Farm and Aetna, and that these are actions arising under contract and not covered by the obligation to defend. In his written reasons for judgment the district judge relied on the case of Beauregard v. Salmon, La.App., 205 So.2d 634 (2d Cir., 1967), as authority for fixing the amount of attorney’s fees for failure to furnish a defense. The amount awarded in that case was the sum of $1,500.00. We are of the opinion that the amount awarded in this suit is excessive and that a fee of $1,000.00 in this action would be adequate and reasonable.
For the foregoing reasons it is ordered that the judgment appealed from is amended to reduce the amount of attorney’s fees awarded the plaintiff in the third party demand to $1,000.00.
It is further ordered, adjudged and decreed that the judgment appealed from, as amended and recast, be, and it is hereby affirmed at appellants’ cost.
AYRES, J., dissents from refusal to grant a rehearing.