TUCKER, Judge.
This case stems from an automobile collision at the intersection of Choctaw and North Foster Drives in the City of Baton Rouge, Louisiana, on May 14, 1970. The plaintiff Central National Insurance Company of Omaha was subrogated to the rights of its insured Danny Pino, owner of one of the colliding automobiles. The accident occurred about 10:30 A.M. when Mrs. Shirley Pino, driving her husband’s automobile, a 1966 Ford tudor sedan, north on North Foster Drive struck a car being driven east by defendant Richard Bardsley on Choctaw Drive, causing damage to the Pino vehicle in the total sum of Six Hundred Seventy-Four and 25/100 ($674.25) Dollars. The insured Danny Pino paid the Fifty Dollars deductible amount provided by his collision insurance policy, and plaintiff-insurer sued for the balance of $624.25, charging defendant with negligence in having proceeded into the intersection while the electric semaphore signal which controlled his lane of traffic was red, thereby providing the sole *735 proximate cause of the accident. Defendant answered, pleading in the alternative that the driver of insured’s automobile was contributorily negligent in operating her vehicle without keeping a proper lookout and without having her car under proper control; in approaching and entering an intersection she knew to be heavily traveled at a speed unreasonably fast under the circumstances; and in entering an intersection which had been preempted by other automobiles including that of the defendant. The testimony of the parties and witnesses to this case is contained in a statement of “Stipulation and Facts Proven on Trial”, agreed to by the attorneys for both plaintiff and defendant. At the intersection where the collision occurred Choctaw Road is a two-lane street which runs due east and west. North Foster Drive, intersecting it, runs northerly and southerly. On the south side of the intersection North Foster is a five lane street; three lanes north bound and two lanes south bound. On the north side of Choctaw Drive North Foster angles northeasterly in only two lanes. An electric semaphore signal light controls the intersection. At the time of the accident defendant Richard Bardsley was heading east in the right lane of Choctaw Drive in a line of traffic which he estimated to consist of ten to twelve vehicles. Defendant testified that both the green and amber traffic lights were of a very short duration, with only a few vehicles passing through them before they changed colors. Defendant estimated that he was the third or fourth car in line when the traffic light changed from red to green. Both defendant and his wife, who was a passenger in his automobile at the time, testified Mrs. Bardsley by stipulation, that the traffic light was green when Mr. Bardsley proceeded into the intersection slowly, at the rate of ten to twenty miles per hour. They are the only witnesses, however, to testify that the traffic light was green when Mr. Bardsley first proceeded into the intersection. Mr. Bardsley testified further that he saw an automobile which proved to be that of Mrs. Joanne Vande-veer stopped in the left turn lane of the north-bound side of North Foster Drive about eight to ten feet back from the intersection; that he was about one-half a car length behind the vehicle in front of him when he was struck by the Pino vehicle; and that he had already proceeded into the intersection to a place about six to eight feet away from the point of collision when he first observed the Pino vehicle about twenty-five to thirty feet away from the intersection, on the south side of the railroad tracks which border Choctaw Drive on the south side, but traveling toward him at a time at which he could not avoid the collision. Mrs. Pino struck Mr. Bardsley’s automobile in the area of the right front fender and bumper.
Mrs. Joanne Vandeveer, a disinterested witness who works in an office on North Foster Drive and travels through the Choctaw-North Foster Drive intersection frequently, was properly stopped in the left turn lane of north-bound North Foster Drive at the time of the collision in question. The traffic light facing her had been red immediately prior to the accident. It changed to a green arrow which was the signal for Mrs. Vandeveer to turn left. She testified that she inched forward, but noticed that defendant Bardsley, whom she had been observing, was looking to his left in the direction of the Parish Lumber Company which is situated on the northwest corner of the intersection. Thinking that Mr. Bardsley would not stop, Mrs. Vandeveer ceased to proceed, while Mr. Bardsley passed in front of her on what must have been a red light for him, inasmuch as there was a green arrow for Mrs. Vandeveer waiting in her own lane. Mrs. Vandeveer testified, also, that the Pino vehicle was stopped to her right rear and then started again after the light turned green.
Meanwhile Mrs. Pino, driver of the vehicle the repair of which is the subject of this suit, was proceeding north toward the Choctaw-North Foster Drive intersection, *736 in the middle northbound lane of North Foster Drive. She slowed as she approached the east-west railroad tracks which border Choctaw Road; saw that the traffic light facing her had turned from red to green when she was about two car-lengths from the intersection; and therefore continued to proceed ahead at the same slow rate of speed, with the intention of crossing Choctaw Road. She saw the Vandeveer vehicle stopped to her left, but did not see the Bardsley vehicle until she got into the intersection, probably because her view was somewhat obstructed by the Vandeveer vehicle. Mrs. Pino testified that when she saw the Bardsley vehicle, after proceeding about one or two feet north of the south parallel line of Choctaw Drive, it was too late to avoid the collision, and she struck the vehicle, as pointed out above. Both vehicles were proceeding so slowly that the impact of the collision moved the vehicles only a few inches north.
Another disinterested witness, Mr. L. B. Baynard, who was going to the Parish Lumber Company and looking in that direction at the time of the collision, was at some distance behind the Pino vehicle in the same lane of traffic proceeding north. His front wheels were on the aforementioned railroad tracks at the moment of the collision. He testified that he had noticed that when the traffic light which controlled his and Mrs. Pino’s lane of traffic had turned green, which meant that it was red for eastbound drivers on Choctaw, Mr. Bardsley was coming through the intersection.
After reviewing all of the testimony which included that of two completely disinterested witnesses, one of them an eye-witness to the collision, the lower court found that Mrs. Pino had proceeded into the Choctaw-North Foster Drive intersection on a green light, and that Mr. Bards-ley had not done so. The lower court found that plaintiff had proved by a preponderance of evidence that the defendant motorist was negligent. This court sees no manifest error in this ruling.
Although defendant argues strenuously in the alternative that Mrs. Pino was not absolved of all responsibility to maintain a lookout just because she entered the intersection on a green light, the jurisprudence he cites in support of this position is not directly applicable. Several cases cited by the defendant involve intersections controlled by blinking red lights or stop signs. The jurisprudence of Louisiana has consistently upheld a different standard of care for motorists approaching such intersections and those approaching intersections controlled by electric semaphore signals. In the latter instance, which is the factual situation of this case, the motorist has a right to assume that all traffic will obey the direction of the lights signalling for them. Defendant cites Cavalier v. State Farm Insurance Co., 224 So.2d 22 (La.App. 1st Cir. 1969) and Bettis v. Paul-sen-Webber Cordage Corp., 217 So.2d 662 (La.App. 4th Cir. 1969) as cases involving intersections, controlled by electric semaphore lights, but these cases arose from factual situations slightly different from the case in question. In the two cited cases the motorist had stopped to wait for a change from red to green in the traffic light, or the signal to proceed ahead. In both cases the motorist immediately darted ahead at a rate of speed unreasonable under the circumstances. In the instant case Mrs. Pino did not stop to await a change in the signal light. The testimony reveals that she had slowed down when crossing the railroad tracks which lie parallel to Choctaw Drive, a short distance to the south, and simply proceeded slowly on into the intersection when she saw the signal light facing her change to green several seconds before she reached the intersection. This court prefers to be guided by Bourgeois v. Francois, 245 La. 875, 161 So.2d 750 (1964); American Home Assurance Company v. M. J. Czarniecki, 216 So.2d 115 (La.App. 2d Cir. 1968), writs granted but issue of contributory negli *737 gence undisturbed 255 La. 251, 230 So.2d 253 (1969); and Moore v. Traders & General Ins. Co., 227 So.2d 174 (La.App. 2d Cir. 1969), writs refused 254 La. 1103, 229 So.2d 114 (1969). In Bourgeois v. Francois this interpretation of the contributory negligence principle is well set forth and explained.
The one exception to the rule that the motorist approaching an electric semaphore light has the right to rely upon all other motorists obeying it is set forth in Bourgeois v. Francois, also, as that case wherein the motorist with the right of way might have avoided the accident by exercising the slightest degree of care. When an electric semaphore light turns green, the motorist crossing the intersection with the green light ceases to be obligated to observe the traffic facing the red light and then becomes obligated to observe traffic moving in the same or the opposing direction in which he is moving. See Bourgeois v. Francois and Moore v. Traders & General Ins. Co., both cited supra.
All testimony and evidence indicate that Mrs. Pino moved forward slowly into the intersection and that she did not, and probably could not due to the presence of the Vandeveer vehicle to her left, see the defendant Bardsley until almost the moment of impact. There is no testimony to the effect that Mrs. Pino might have avoided the collision with any additional care on her part. The only possible measure she might have taken to avoid the collision was to maintain continuous observation to her left as she proceeded into the intersection, and the law does not require it.
For the foregoing reasons the judgment of the lower court will be affirmed at appellant’s costs.
Affirmed.
Rehearing denied.