381 So.2d 955 (1980)
Christina M. PUTT
v.
Damon A. DAUSSAT and St. Paul Fire and Marine Insurance Company.
No. 10710.
Court of Appeal of Louisiana, Fourth Circuit.
March 11, 1980.
*956 Jonathan M. Lake, New Orleans, for Christina M. Putt, plaintiff-appellant.
Schroeder, Kuntz & Miranne, New Orleans, Herman M. Schroeder, New Orleans, for Damon Daussat, defendant-appellee.
Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, David S. Kelly, New Orleans, for St. Paul Fire and Marine Ins. Co., defendant-appellee.
Before GULOTTA, CHEHARDY and HOOD, JJ.
HOOD, Judge.
Plaintiff, Mrs. Christina M. Putt, claims damages for the injuries she sustained as the result of a motor vehicle collision. The defendants are Damon A. Daussat and his liability insurer, St. Paul Fire & Marine Insurance Company. Judgment was rendered by the trial court in favor of defendants dismissing plaintiff's suit at her costs. Plaintiff appealed.
Another damage suit arising out of the same accident was instituted by Damon *957 Daussat against Mrs. Putt and St. Paul Fire & Marine Insurance Company. Mrs. Putt had no liability insurance, and for that reason Daussat named his own insurer, St. Paul, as a party defendant, alleging that it is liable under the uninsured motorist coverage provided in his policy. The two suits were consolidated for trial and appeal. In the companion suit, as in the instant case, judgment was rendered by the trial judge in favor of the defendants, dismissing Daussat's suit at his costs. Daussat appealed from the judgment rendered in that case.
These consolidated cases were argued before us at the same time, and we are rendering judgment in both cases on this date. See Daussat v. Putt et al., 381 So.2d 959 (bearing No. 10,711 on the docket of this court).
In each suit the issues presented are whether the defendant driver was negligent and, if so, whether plaintiff is barred from recovery because of his or her contributory negligence.
The accident occurred at about 2:50 a.m. on January 22, 1976, at the intersection of Orleans Avenue and City Park Avenue in the City of New Orleans. The intersection is controlled by an electric semaphore traffic signal, which was operating at the time of the accident. Mrs. Putt was driving her automobile north on Orleans Avenue, and Daussat was driving his car east on City Park Avenue. They collided as they were attempting to negotiate that intersection. The front of Mrs. Putt's car struck the right rear side of the Daussat vehicle.
City Park Avenue is a divided thoroughfare, with the two east-bound lanes being separated from the two west-bound lanes by a neutral ground. Daussat was travelling in the left east-bound lane of that avenue when the collision occurred. Orleans Avenue also is a divided thoroughfare, with the two north-bound lanes being divided from the two south-bound lanes by a neutral ground. Mrs. Putt was travelling in the left north-bound lane at the time of the collision.
The drivers of the two cars involved in this collision disagree as to which of them had a green traffic light as he or she approached the crossing. Daussat testified that the green light was in his favor as he approached and entered the intersection, and that Mrs. Putt ran into the right rear part of his vehicle as he was crossing the north-bound lanes of Orleans Avenue. Mrs. Putt, on the other hand, testified that she had a green light in her favor as she approached and entered the intersection, and that she did not see the Daussat vehicle until the instant of or a moment before the impact. There were no passengers in either vehicle, and the only other eye witness to the accident was Bruce N. Johnson, who was travelling in his automobile north on Orleans Avenue, less than two car lengths behind the Putt vehicle. He confirmed Mrs. Putt's testimony that the traffic light was green in her favor as she approached and entered the intersection.
The trial judge did not assign written reasons for judgment, and we are unable to determine from the record the conclusion he reached as to which driver was favored by the traffic light at the time the collision occurred. It is necessary, we think, that a determination be made as to which of the two drivers had the right of way when he or she entered the intersection. We have reviewed the evidence in its entirety, therefore, to ascertain which driver had a favorable traffic signal and also to determine whether the result reached by the trier of fact is clearly wrong. See Martin v. Farkas, 241 So.2d 272 (La.App. 1st Cir., 1970); Aetna Casualty & Surety Co. v. Continental Ins. Co., 308 So.2d 489 (La.App. 1st Cir., 1975).
After reviewing the testimony, we find that the evidence preponderates to the effect that Mrs. Putt was favored with a green signal as she approached and entered the intersection. Under our view of the evidence, Daussat entered the intersection on a red light and he thus was not the favored driver.
We conclude that Daussat was negligent in entering the intersection on a red light, that his negligence in that respect *958 was a proximate cause of the accident, and that Daussat thus is barred by his own contributory negligence from recovering against the other driver, Mrs. Putt, and against St. Paul. There is no error in the judgment rendered by the trial court in the companion suit, therefore, which dismisses Daussat's suit against Mrs. Putt and St. Paul.
We turn now to the question of whether Mrs. Putt also was negligent and, if so, whether she is barred from recovery because of her contributory negligence.
As a general rule, a motorist who approaches and enters an intersection on a green light, where the intersection is controlled by an electric semaphore signal, is not required to observe traffic facing a red or stop signal at that crossing, but he may rely on the assumption that motorists on the intersection street will obey the traffic signal and stop. Youngblood v. Robison, 239 La. 338, 118 So.2d 431 (1960). There, however, are exceptions to that rule. Although the motorist may assume that an electric semaphore signal will be obeyed by other motorists, he nevertheless must continue to exercise the caution that is commensurate with the circumstances as he approaches and enters the crossing. He is required to maintain a general observation of the controlled intersection, even though he enters with a green light facing him, and he must avoid accidents which can be averted by the exercise of the slightest degree of care. Modica v. Manchester Insurance and Indemnity Co., 284 So.2d 791 (La.App. 4th Cir., 1973); Jordon v. Great American Insurance Co., 248 So.2d 363 (La.App. 4th Cir., 1971); Champagne v. McDonald, 355 So.2d 1335 (La.App. 3rd Cir., 1978); Bourgeois v. Francois, 245 La. 875, 161 So.2d 750 (1964); Ashenfelter v. Gertrude Geddes Willis Life Insurance Co., 209 So.2d 299 (La.App. 4th Cir., 1968); Rome v. S. D'Antoni, Inc., 246 So.2d 331 (La.App. 1st Cir., 1971); and Higgins v. Johnson, 349 So.2d 918 (La.App. 1st Cir., 1977).
The evidence in the instant suit shows that although Daussat entered the crossing on a red light, he nevertheless crossed the south-bound lanes of traffic and the neutral ground of Orleans Avenue, and he traversed a substantial part of the north-bound lanes of traffic on Orleans, before the collision occurred. Mrs. Putt had barely entered the first part of the crossing when the front of her car struck the right rear part of Daussat's vehicle. There apparently was nothing to obstruct Mrs. Putt's view of the crossing as she approached it. The evidence indicates that the intersection was well lighted, and Daussat testified that he saw the Putt vehicle approaching when he was at least half a block from the traffic light.
Both vehicles were being driven at relatively slow rates of speed as they approached the intersection. Plaintiff was travelling about 30 miles per hour, and Daussat was driving about 35 miles per hour. Mrs. Putt testified that she did not see the Daussat car until a moment before the collision occurred. She stated that she first saw it "when I got into the intersection, when we hit," that "it was like an instant," that "I saw his car at the time of impact," that she first saw it when "maybe he was a car length away," and that only a "split second" intervened between the time she saw the other vehicle and the time the collision occurred. No skid marks were left by either vehicle before they collided.
We believe that Mrs. Putt could and would have observed the Daussat car as it crossed the south-bound lanes of traffic and the neutral ground of Orleans Avenue if she had been maintaining a general observation of the intersection as she approached it, or if she had been exercising the caution which was commensurate with the circumstances. If she had seen his car in the intersection before she reached it, she could have avoided the accident by merely reducing the speed of her car slightly, and thus allowing the other vehicle to clear her lane of traffic, before she proceeded into the crossing. She thus could have avoided the accident by exercising only the slightest degree of care.
Our Supreme Court stated in the recent case of Harris v. State through Huey P. *959 Long Mem. Hosp., 378 So.2d 383 (La.1979), that:
"In connection with the standard to be applied by an appellate court in its constitutionally mandated review, the review of fact made by an appellate court must determine whether the district court was clearly wrong in its factual findings. Absent such a finding, the reviewing court should not disturb the findings of the trial court . . ."
In this case we cannot say that the trial judge was, or would have been, clearly wrong in holding that Mrs. Putt could and should have seen the Daussat car before the collision occurred, that she was negligent in having failed to exercise the slightest degree of care in attempting to avoid the collision, and that her negligence in that respect was a contributing cause of the accident barring her from recovery. We thus find no error in the judgment rendered by the trial court.
The judgment appealed from in the instant suit is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.