DENNIS, Circuit Judge,
dissenting.
I respectfully dissent.
The trial court committed an error of law by its evident assumption or determination that Kerr-McGee owed no legal duty to Justiss or its workers to protect them from the obvious unreasonable risks of harm that were involved in the conditions under wMch Justiss was proceeding to install a new floating roof in Kerr-McGee’s crude oil storage tank. The law is well settled in Louisiana and elsewhere that a person is required to realize that there will be a certain amount of negligence in the world, and when the risk becomes serious, either because the threatened harm is great, or because there is an especial likelihood that it will occur, reasonable care may demand precautions against an unreasonable risk of harm to another through the negligent or reckless conduct of the other or a third person. Levi v. S.W. La. Elec. Membership Co-Op (SLEMCO), 542 So.2d 1081, 1084 (La.1989); Weaver v. Valley Elec. Membership Corp., 615 So.2d 1375, 1383 (La.Ct. App.1993); Davis v. La. Power & Light Co., 612 So.2d 235, 236 (La.Ct.App.1992), unit denied, 615 So.2d 336 (1993); Graves v. Lou Ana Foods, Inc., 604 So.2d 150, 159 (La.Ct.App.1992); Putt v. Daussat, 381 So.2d 955 (La.Ct.App.1980); Dragotis v. Kennedy, 190 Minn. 128, 250 N.W. 804 (1933); Murphy v. Great Northern R. Co, 2 Ir.Rep. 301 (1897).
TMs basic principle of tort law is elaborated upon in the authorities cited with approval in Levi v. SLEMCO, supra. For example, Prosser and Keeton on Torts explains:
*1068 In general, where the risk is relatively slight, a person is free to proceed upon the assumption that other people will exercise proper care____ But when the risk becomes a serious one, either because the threatened harm is great, or because there is an especial likelihood that it will occur, reasonable care may demand precautions against “that occasional negligence which is one of the ordinary incidents of human life and therefore to be anticipated.” “It is not due care to depend upon the exercise of care by another when such reliance is accompanied by obvious danger.” ____
The duty to take precautions against the negligence of others thus involves merely the usual process of multiplying the probability that such negligence will occur by the magnitude of the harm likely to result if it does, and weighing the result against the burden upon the defendant of exercising such care. The duty arises, in other words, only where a reasonable person would recognize the existence of an unreasonable risk of harm to others through the intervention of such negligence. It becomes most obvious when the actor has reason to know that he is dealing with persons whose characteristics make it especially likely that they will do unreasonable things.
W. Page Keeton et al, Prosser and Keeton on the Law of Torts § 33, at 198-99 (5th ed. 1984) (footnotes and citations omitted).
The Second Restatement of Torts provides that “[a]n act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the negligent or reckless conduct of the other or a third person.” Restatement (Second) of Torts § 302A (1984). The comments under this section are similar to those of Prosser and Keeton. Significantly, comment c. states:
As stated in § 290, the actor is required to know the common qualities and habits of human beings, in so far as they are a matter of common knowledge in the community. The actor may have special knowledge of the qualities and habits of a particular individual, over and above the minimum he is required to know, or he may have special warning that the individual is or is about to be negligent or reckless in the particular case.
Id., emt. c. (quoted in pertinent part).
In the present case, Kerr-McGee, particularly with its superior knowledge, skill and experience in the storage and refining of crude oil, should have recognized that the circumstances and conditions under which the Justiss crew was proceeding to install a new floating roof in the refinery company’s crude oil storage tank involved an unreasonable risk of a conflagration in a refinery endangering its own workers, the Justiss employees and the public. The trial court described those conditions and circumstances:
They used skill saws throughout the day. These saws were designed for cutting wood. The extension cords were not secured from possible submersion in the liquid sludge. Throughout the week these saws had ceased to function, either burned out or failed in some manner necessitating replacement____ The gunk and sludge in the B.S. and W. [apparently clogged the saws causing -this problem____ Whether from the skill saw sparks, if they had time to get to use them or from an extension cord shortage as has been suggested or a lighted cigarette, the vapors ignited killing all three Baker Tank [a division of Justiss] crew members in the tank____
Baker Tank sent a crew that was completely untrained, unfamiliar with the work at hand, the dangers involved or proper precautions. Once on the job, the Baker Tank crew acted in a manner that virtually insured an accident. Three of the members had little, if any, prior training in confined space work. The crew- used skill saws designed for wood use, they used gasoline to clean the saws and blades. They used unsecured electrical extension cords____
I must say no one covered themselves in glory as far as following simple — Heck, following their own safety regulations.
ER 6 (Oral Ruling of July 11,1994).
The Justiss employees worked with the obviously hazardous jerry-built electrical system in Kerr-McGee’s crude oil storage tank *1069 containing hydrocarbon residue located within the Kerr-MeGee refinery for several days prior to the accident. During this time the tank work site was inspected regularly and was continuously subject to inspection by Kerr-MeGee employees. Consequently, Kerr-MeGee knew or should have known that there was a serious risk of a detonation or a conflagration caused by sparks from the skill saws, the wiring or the extension connection boxes. The Baker crew left its equipment in the tank overnight; the Kerr-McGee inspection crew could not have missed the electrical set-up or the type of equipment that was being used in a tank considered dangerous enough to sniff for gas fumes daily. Because the threatened harm was great and there was an especial likelihood it would occur — as the trial court put it, the circumstances “virtually insured an accident” (ER 6) — reasonable care demanded that Kerr-MeGee take additional precautions against the kind of accident that happened by requiring safer work procedures, more frequent inspections of the work site and monitoring of the Justiss crew’s work habits and equipment. In fact, Kerr-MeGee owed this duty not only to the Justiss employees but also to its own workers and the public as part of its duty of reasonable care as a prudent oil refinery operator.
The trial court evidently concluded that Kerr-MeGee owed no duty to take precautions against any risk that might take effect through a victim’s negligence. Instead, the trial court was of the view that Kerr-MeGee was only under a duty imposed by contract to sniff or test the air of the tank each morning to insure that it was sufficiently free of gases to permit electrical work at that time. The trial court thus erred as matter of law in not recognizing and applying the law of Louisiana which imposes a delictual duty to realize there will be a certain amount of negligence in the world and to take precautions against an unreasonable risk through the negligent or reckless conduct of a victim or third person when the threatened harm is great or there is an especial likelihood that it will occur. Consequently, the trial court further fell into legal error in not considering to what extent Kerr-MeGee may have been at fault delictually and in not proceeding to quantify the degree or percentage of comparative negligence attributable to each party. La.Civ.Code Ann. art. 2328 (1995). The judgments of the trial court should be vacated and the case should be remanded to it for the application of the correct principles of law.