# United States Court of Appeals for the Fifth Circuit

———————

No. 24-30228
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2025

Lyle W. Cayce
Clerk

Shannon Handy,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:22-CV-5354

———————————————————

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

This appeal concerns an archetypal dispute over who ran a red light and caused an accident between a privately-owned car and U.S. Postal Service long-life vehicle (LLV). After a bench trial, the district judge found the government's witness more credible and entered a take-nothing award on

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Plaintiff-Appellant Shannon Handy's claim under the Federal Tort Claims Act (FTCA). Finding no clear error in the judgment, we AFFIRM.

On March 26, 2020, a 2010 Ford Focus and an LLV driven by Ricky Knight, a now-retired Postal Service Letter Carrier, collided at the intersection of Moss Street and Mudd Avenue in Lafayette, Louisiana. Handy was in the Ford Focus and sued under the FTCA for injuries allegedly sustained in the accident.

The trial evidence presented two irreconcilable stories. Handy testified his friend was driving with Handy riding shotgun; Knight identified Handy as the driver. Handy testified his friend stopped at the intersection's red light and proceeded once it turned green when Knight's LLV, "coming at full speed," struck the Focus. Knight, on the other hand, testified he stopped his LLV at the red light, proceeded once it turned green and—only after he'd entered the intersection—saw a "car coming real fast" that he couldn't avoid. Handy testified he was "blacked out for, like, a couple minutes" and others tried to pull him from the car, but the door jammed so on-scene law enforcement pushed it out of traffic. Knight testified Handy—as the driver—exited the Focus after the accident, spoke with someone inside, returned to the car, and fled the scene.

Handy and Knight were the only trial witnesses. After their testimony, the district judge found Knight "very credible," concluded "[t]he accident was the sole fault of the driver of the other vehicle," and entered judgment dismissing Handy's claims.[1] Handy timely appealed.

---

[1] FED. R. CIV. P. 52(c) ("If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.").

No. 24-30228

We review the district court's findings of fact for clear error and legal issues de novo.[2] Handy tries to divest this judgment of the "buckler and shield" of our clear-error review by arguing the district court erred as a matter of law. Citing *Putt v. Dausset*, a decision by Louisiana's Fourth Circuit Court of Appeal, Handy argues Louisiana law compelled the district court to apportion fault under Civil Code article 2323, even under Knight's version of events.[3] But *Putt* involved preemption of intersections—"while a motorist with a green light is not obligated to look for approaching traffic that has not yet entered the intersection, the motorist must yield to traffic that has preempted the intersection and has a superior right-of-way"—a doctrine inapt under Knight's version of events, which we must credit.[4] According to Knight, the Focus was neither visible nor within the intersection when Knight proceeded with a green signal. Under those circumstances, Knight had no duty to watch for traffic that had not entered the intersection; hence,

_____

[2] *Bd. of Trs. New Orleans Emps. Int'l Longshoremen's Ass'n v. Gabriel, Roeder, Smith & Co.*, 529 F.3d 506, 509 (5th Cir. 2008) ("A finding is clearly erroneous if it is without substantial evidence to support it, the court misinterpreted the effect of the evidence, or this court is convinced that the findings are against the preponderance of credible testimony."); *Guzman v. Hacienda Recs. & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015) ("[T]he clearly erroneous standard of review following a bench trial requires even greater deference to the trial court's findings when they are based upon determinations of credibility." (internal quotation marks omitted)); Fed. R. Civ. P. 52(a)(6) ("Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility.").

[3] *Putt v. Dausset*, 381 So. 2d 955 (La. Ct. App. 1980); *Justiss Oil Co. v. Kerr-McGee Refin. Corp.*, 75 F.3d 1057, 1067 (5th Cir. 1996); La. Civ. Code art. 2323 (establishing comparative-fault scheme). The parties don't dispute that Louisiana substantive law controls. *See* 28 U.S.C. § 1346(b)(1) (providing substantive law of the state where negligence occurred governs FTCA claims).

[4] *Ramos v. La. Farm Bureau Cas. Ins. Co.*, 333 So. 3d 453, 456–57 (La. Ct. App. 2021); La. Rev. Stat. § 32:232(1)(a); *Daniel v. United States*, 234 F.2d 102, 106 (5th Cir. 1956).

no fault apportionment was required.[5] Were it otherwise, where "a motorist, entering an intersection properly on a green traffic light and proceeding lawfully through it, must do so at his peril, then traffic signals cease to be safety signals and become traffic traps."[6]

Handy also complains in reply that the district judge employed the uncalled-witness rule against him because Handy did not call the Focus's alleged driver to testify at trial. We don't consider claims raised for the first time in a reply brief.[7] In any event, we find no support for the argument that the judge applied a legal presumption. Rather, the judge noted Handy failed to call a material witness on an issue that was Handy's burden to prove—an understandable, and permissible, observation on this record. AFFIRMED.

---

[5] *Allen v. FCCI Ins. Co.*, 321 So. 3d 1062, 1064 (La. Ct. App. 2021) (holding the duty to watch for cars already within an intersection "does not extend to watching for traffic that has not yet entered the intersection." (quoting *Amos v. Taylor*, 244 So.3d 749, 753 (La. Ct. App. 2017)).

[6] *Bourgeois v. Francois*, 161 So. 2d 750, 754 (La. 1964); *Cent. Nat'l Ins. Co. of Omaha v. Bardsley*, 256 So. 2d 734, 737 (La. Ct. App. 1971) ("When an electric semaphore light turns green, the motorist crossing the intersection with the green light ceases to be obligated to observe the traffic facing the red light and then becomes obligated to observe traffic moving in the same or the opposing direction in which he is moving.").

[7] *United States v. Prince*, 868 F.2d 1379, 1386 (5th Cir. 1989).