209 So.2d 299 (1968)
Edwin G. ASHENFELTER
v.
GERTRUDE GEDDES WILLIS LIFE INS. CO. and Travelers Insurance Company.
No. 2989.
Court of Appeal of Louisiana, Fourth Circuit.
April 8, 1968.
Rehearing Denied May 6, 1968.
George J. Kambur, Clark A. Richard, New Orleans, for plaintiff-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, James L. Selman, II, New Orleans, for defendants-appellants.
Irwin R. Sanders, New Orleans, for intervenor-appellee.
Before YARRUT, BARNETTE, and JANVIER, JJ.
YARRUT, Judge.
This suit results from an automobile collision at the intersection of New Orleans and *300 Benefit Streets, in New Orleans, at approximately 2:00 A.M., November 30, 1964. The intersection is controlled by an electric semaphore light. The vehicle on Benefit Street was a 1957 Chevrolet sedan, owned and operated by Plaintiff. The vehicle on New Orleans Street, a 1964 Oldsmobile Station Wagon, was operated by Willis Misshore, an employee and officer of Defendant, Gertrude Geddes Willis Life Insurance Company, owner of the vehicle; Defendant, Travelers Insurance Company, being its liability insurer.
After the collision Defendant's vehicle, while proceeding in an uptown direction on New Orleans Street, struck and damaged a residence at 3125-27 New Orleans Street. The residence was insured by Liverpool, London & Globe Insurance Company, Intervenor, which paid $1627.20 to its insured for the damages incurred, and was subrogated to its insured's claim.
The District Court rendered judgment for $1627.20 for Intervenor against Plaintiff and Defendants, jointly and in solido, with legal interest from judicial demand, plus all costs; judgment in favor of both Defendants and against Plaintiff, dismissing Plaintiff's suit; and judgment for Plaintiff against Travelers Insurance Company, dismissing the latter's reconventional demand, each to pay their own costs.
Plaintiff's version of the accident is not believable, because he testified, although the light turned green in his favor, he actually decelerated and drove with his foot on the brake into the intersection, and even though he entered the intersection at ten to fifteen miles an hour, he was able to come to a complete stop within five feet of the intersection before the collision. He further testified he saw only a flash of light before the impact. Although the Trial Judge gave no reasons for judgment, he would have been justified in coming to the conclusion that Plaintiff was "inching out" on an unfavorable light.
The driver of Defendant's vehicle testified he never saw Plaintiff, but gave no valid reason why he did not see him. Regardless of the traffic light at the intersection and what color signal was facing Defendant's driver, it was the driver's duty to observe approaching traffic on the intersecting street. His failure to look and observe that which he could have seen, as the law required him to do, constitutes negligence on his part.
Plaintiff testified his bumper was pushed on the left side back against the left front tire, and that the two bumper brackets (guards) were ripped off the front of his automobile, as evidence that Defendant hit him on the left front side.
The testimony of Defendant's driver, in addition to showing he did not see Plaintiff's vehicle, leaves no doubt his vehicle was speeding up to and through the intersection, and after the collision his vehicle travelled far beyond the intersection in an uptown direction on New Orleans Street, before`striking the residence of Intervenor's insured at 3125-27 New Orleans Street.
Our jurisprudence is well established that a green light does not permit a driver approaching it to proceed through anM intersection with no responsibility whatsoever. A driver must not only observe conditions ahead, but also conditions on intersecting roadways.
Currie v. Government Employees Insurance Company, La.App., 90 So.2d 482; Commercial Credit Corp. v. Morris, La. App., 107 So.2d 563; Sullivan v. Locke, La. App., 73 So.2d 616; see Seiner v. Toye Bros. Yellow Cab Co., La.App., 18 So.2d 189.
Where the property of an innocent plaintiff is damaged as a result of an accident between two motor vehicles, the burden is on each driver to exculpate himself from any negligence, and both must share responsibility for the accident in the absence of a showing to the contrary.
*301 Insurance Co. of North America v. Gore, La.App., 106 So.2d 471; Equitable Fire & Marine Insurance Co. v. Allstate Insurance Co., La.App., 137 So.2d 366; Westchester Fire Insurance Co. v. Dardar, La.App., 158 So.2d 239; Gauthreaux v. Hogan, La.App., 185 So.2d 44.
In the instant case, neither party has borne the necessary burden of proof.
When two automobile drivers are both guilty of negligence in a collision, neither can recover from the other, yet both are responsible to a third-party who was not in any way responsible for the collision.
For the above reasons, the judgment appealed from is affirmed; Plaintiff and Defendants to pay all costs in both Courts.
Affirmed.