227 So.2d 174 (1969)
Robert W. MOORE et al., Plaintiffs-Appellants,
v.
TRADERS & GENERAL INSURANCE COMPANY et al., Defendants-Appellees.
No. 11269.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1969.
Rehearing Denied October 20, 1969.
Writ Refused December 19, 1969.
*175 Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, for plaintiffs-appellants; Henry A. Politz, Shreveport, of counsel.
Lunn, Irion, Switzer, Johnson & Salley, Bodenheimer & Jones, Shreveport, for defendants-appellees; Harry A. Johnson, Jr., G. M. Bodenheimer, Jr., Shreveport, of counsel.
Before AYRES, BOLIN and DIXON, JJ.
DIXON, Judge.
Plaintiffs-appellants were passengers in an automobile driven by Floyd U. Smith. On a clear, dry Thanksgiving afternoon in 1967, the Smith car was involved in a collision on U. S. Highway 80 east of Bossier City at the point where the Foster Drive exit connects I-20 and Highway 80. The other vehicle involved in the accident was driven by Cecil Kenneth Covington and insured by appellee, Traders & General Insurance Company. The Smith car was headed easterly on Highway 80; the Covington car proceeded from a westerly route on Highway 80 and turned left at the intersection of Foster Drive, intending to proceed to I-20 and thence westerly. As Covington's car crossed the eastbound lane it was struck by the Smith automobile.
There was judgment in the district court in favor of plaintiffs-appellants and against the insurer of the Smith automobile, but rejecting the demands of appellants against Traders & General Insurance Company, the insurer of the Covington automobile.
Appellants specify two errors: (1) the district court erred in finding that Covington turned left on a green arrow; (2) the district court erred in finding that Covington was without fault in the accident, even if he did have the green left turn arrow.
The intersection point is controlled by five clusters of lights. Two clusters control the traffic on Foster Drive approaching Highway 80 and traffic on Highway *176 80 headed in an easterly direction. The eastbound lane of Highway 80 at this point is a two lane highway. There is a neutral ground between the eastbound and westbound lanes. The neutral ground west of the intersection involved is fifty feet wide; the neutral ground east of the intersection involved is forty feet wide. The westbound lanes of Highway 80 are also dual lanes, except that a third left turn lane has been constructed at the intersection of Foster Drive. Three banks of lights face westbound traffic; there is a regular red-amber-green light over each of the two westbound lanes, and a bank of three lights showing red and green lights and a green arrow pointing to the left controlling the left turn lane. The lights are cycled in such a way that when left turning traffic from U. S. 80 to Foster Drive has the green arrow, eastbound traffic on U. S. 80 has the red light. The red light on each cluster is twelve inches in diameter. Smith and his passengers contend that he had the green light. Covington and his passenger contend that he had the green arrow. An impartial witness was of the opinion that the lights favored Covington.
Although the testimony of the witnesses was in hopeless conflict, the evidence supports the conclusion of the trial court that Covington made his turn on a green arrow and Smith ran the red light.
Appellants argue that, even if this were true, Covington's testimony convicted him of negligence which was a proximate cause of the accident. Covington testified that he stopped behind another car at the intersection in the left turn lane, saw the Smith vehicle about a half mile up the highway, and, when the light changed from red to the green arrow, Covington followed the car ahead of him in making a left turn maneuver, without again looking in the direction of the oncoming Smith automobile. Covington's passenger saw the Smith automobile bearing down upon them, screamed and grabbed him around the neck just before the collision. A witness, J. G. Murphy, on Foster Drive preparing to go in an easterly direction on Highway 80, was at the intersection at the moment of the collision. Murphy was in a traffic lane controlled by a yield sign, and as he looked back over his left shoulder, he saw the Smith car approaching the intersection and the Covington car moving into the intersection, and immediately perceived that an accident was about to occur. He brought his vehicle to a stop as the impact occurred.
Plaintiffs argue that if Covington's passenger saw the Smith car, Covington should have seen the Smith car; and if Murphy saw that an accident was impending, Covington should have seen that an accident was impending.
This case is very much like Bourgeois v. Francois, 245 La. 875, 161 So.2d 750 (1964), except that the accident in the Bourgeois case occurred at night. The Supreme Court in that case acknowledged that "* * * where the motorist on the favored street could have avoided the accident by the exercise of the slightest sort of observation and care, * * * he will be found derelict." Appellants here contend that Covington could have avoided this accident by the exercise of the slightest sort of observation and care, but did not.
The record here is convincing that Covington did not exercise the slightest degree of care (with respect to oncoming traffic). However, the record does not establish that, if he had exercised only the slightest degree of care, he would have avoided this accident. If he had seen Smith for the first time when Murphy did, the wreck would have happened. If he had seen Smith for the first time when Donna Dickerson (his passenger) did, the wreck would have happened. If he had been cautious during the entire turn and if he had looked up Highway 80, he would have avoided the accident; unfortunately, he was not required to take this action under the law. It would be a life saving rule to require reasonable caution on the part *177 of drivers at signal lights, but that is not the law. A driver approaching an intersection with the green light in his favor is not "obliged * * * to turn his head in the direction of traffic approaching from his left or right, * * *." Youngblood v. Robison, 239 La. 338, 118 So.2d 431, 434, 2 A.L.R.3d 1 (1960).
Since the record does not show that Covington could have avoided this accident by the slightest degree of care, we must conclude that the trial judge was correct in finding him free from fault.
Appellants seek help from R.S. 32:232 which says, paragraph (4), subsection (a):
"Steady RED with GREEN ARROW:
"Vehicular traffic facing such signal may cautiously enter the intersection only to make the movement indicated by such arrow, but shall yield the right of way to pedestrians lawfully within a cross walk, and to other traffic lawfully using the intersection." (Emphasis added).
As we understand the statute, it was designed for a traffic signal not like the one involved in the instant case. It is true that the legislature did say that traffic "may cautiously enter" an intersection controlled by an arrow, but this section of the statute was apparently not designed to govern a traffic light with red, amber and green-arrow faces.
Robert W. Moore died pending this appeal. His heirs have moved to be substituted for him as plaintiffs in this suit. It is hereby ordered that Ella Mae Moore Smith, Lorene Moore, William Thomas Moore and Robert Horace Moore are substituted as parties plaintiff in place of Robert W. Moore, deceased.
For the reasons herein expressed, the judgment appealed from is affirmed at the cost of the appellants.
BOLIN, J., concurs giving written reasons.
BOLIN, Judge.
I concur with the holding but disagree with the following portion of our opinion: "The record here is convincing that Covington did not exercise the slightest degree of care (with respect to oncoming traffic)."
In the Bourgeois case, cited supra, the supreme court held a motorist making a left turn pursuant to an electric green arrow had exercised all the care [slightest] required of him, even though he knew a motorist was approaching and was only about 100 to 150 feet from the intersection. In the instant case Covington only saw the approaching Smith vehicle once, at which time it was one-half mile from the intersection. I think the record is convincing that Covington exercised that "slight degree of care" required of him by the well-established jurisprudence set forth in the Bourgeois case.