HOOD, Judge.
Plaintiffs, Gladney Billeaudeau and Clayton Brown, the latter appearing as administrator of the estate of his minor son, Russell Brown, instituted this suit for damages for personal injuries allegedly sustained by Billeaudeau and Russell Brown as the result of a motor vehicle collision. The suit was instituted against Hugh Thistleth-waite and his insurer, The Travelers Indemnity Company. Judgment was rendered by the trial court in favor of plaintiff, and defendants have appealed. Plaintiffs have answered the appeal praying that the amounts of the awards be increased.
The issues presented are whether plaintiff Billeaudeau was guilty of contributory negligence barring him from recovery, and whether the awards made by the trial court are inadequate or excessive.
The accident occurred at 4:00 P.M. on March 2, 1968, at the intersection of Walnut and Franklin streets, in the City of Opelousas. Franklin Street runs east and west and Walnut Street runs north and south. Franklin is the preferred street, and a stop sign located at the intersection *592 directs vehicles traveling south on Walnut to stop before proceeding into the crossing.
Immediately prior to the time the accident occurred, Billeaudeau was driving his automobile west on Franklin toward this intersection. Pauline Thistlethwaite, the 15 year old daughter of one of the defendants, was driving her father’s Jeep south on Walnut. Shortly after both vehicles entered the crossing, the front of the Thistleth-waite Jeep struck the right side of the Billeaudeau automobile, the point of impact being in the northwest part of the crossing. Miss Thistlethwaite entered the intersection at a speed of 30 miles per hour. She did not heed the stop sign, and she proceeded into the intersection without stopping. Defendants concede that she was negligent in failing to stop, and that her negligence in that respect was a proximate cause of the accident. They contend, however, that Billeaudeau also was at fault in having failed to maintain a proper lookout and in having failed to observe before he reached the crossing that Miss Thistlethwaite was not going to obey the stop sign. They argue that Billeaudeau could have avoided the accident if he had seen Miss Thistle-thwaite as soon as he should have seen her, that his negligence in failing to observe her sooner was a proximate cause of the accident, and that Billeaudeau thus is barred from recovery by his own contributory negligence.
Our law is settled that the party who pleads contributory negligence bears the burden of establishing facts which will support that affirmative defense. McCauley v. LaFleur, 213 So.2d 176 (La.App. 3 Cir. 1968).
A motorist who is traveling on a right-of-way street, with knowledge of the location of a stop sign directing traffic on an inferior intersecting street to stop, has the right to assume that a driver approaching the intersection from the less favored street will observe the law, and that he will stop and will yield the right-of-way to traffic on the preferred thoroughfare. He can indulge in that assumption until he sees or should see that the vehicle on the less favored street has not observed or is not going to observe the law. Koob v. Cooperative Cab Co., 213 La. 903, 35 So.2d 849 (1948); Bourgeois v. Francois, 245 La. 875, 161 So.2d 750 (1964); Guidry v. Grain Dealer’s Mutual Insurance Co., 193 So.2d 873 (La.App. 3 Cir. 1967); and Barrois v. Noto, 215 So.2d 676 (La.App. 4 Cir. 1968).
The evidence in the instant suit shows that Billeaudeau’s view of the Thistlethwaite vehicle was obstructed to some extent as the two vehicles approached the crossing. A house was located on the corner lot northeast of the intersection, and some heavy shrubbery was located on the lot immediately adjacent to the northeast corner of the crossing. The house and shrubbery obstructed Billeaudeau’s view to such an extent that he could not have seen the approaching Thistlethwaite Jeep before it reached the intersection, except for a brief glimpse of it when it was several car lengths from Franklin Street. Billeaudeau was familiar with that intersection. He knew that he was on the preferred street and that there was a stop sign directing vehicles traveling south on Walnut to stop before entering the crossing. He did not see the Thistlethwaite vehicle until a moment before the collision occurred.
The trial judge found that Billeaudeau might have been able to see the Thistleth-waite Jeep “but a fleeting moment” before it reached the intersection, but he concluded that plaintiff “couldn’t have judged its speed and he could have assumed under the jurisprudence that the other car was going to observe the stop sign and stop.” We concur in that finding, and we conclude, as did the trial judge, that plaintiff Billeau-deau was free from contributory negligence.
The trial judge found that as a result of the accident Billeaudeau sustained a number of personal injuries, and he award *593 ed plaintiff the aggregate sum of $11,200.00 as general damages for those injuries. He specified in his reasons for judgment that plaintiff sustained a brain concussion, a neck sprain, the loss of teeth, an ulcer, a skin rash, and a back sprain.
The evidence shows that Billeaudeau was confused and disoriented for a period of about three days immediately after the accident occurred, and that he suffered severe headaches and was dizzy during that time. He suffered pain in his neck for four or five weeks after the accident, during a part of which time he was placed in neck traction and was given physio-therapy treatments. He apparently has experienced no further trouble with his head or neck since that time.
Plaintiff first complained of soreness in his mouth in May, 1968, about two months after the accident occurred. He was examined by a dentist during the latter part of that month, who found one broken upper tooth, fracture lines on three other upper teeth, a pre-existing gum disease known as pereodontitis and generalized cavities. The dentist testified that the fractures of his teeth could have been caused by an automobile accident, but that the gum disease and cavities had existed long before the accident occurred and had no relationship to it. He felt that the pre-existing pereo-dontitis and cavities, alone and without any other causes, would have necessitated the removal of all of Billeaudeau’s teeth within a period of from three to five years. The broken tooth had to be removed at that time, but because of the bad condition of plaintiff’s other teeth and his gums, the dentist decided that it was best to remove all of his teeth at that time and to replace them with dentures. This was done.
Billeaudeau is 55 years of age. The evidence shows that he has suffered from a skin rash since he was 18 years old, and that this skin condition has “flared up” every two or three months for many years. A specialist in internal medicine described the skin condition as a “neurodermatitis,” and he stated that the rash would manifest itself at times when the patient underwent physical or emotional distress and sometimes it would appear for other reasons. In this instance the skin rash did not manifest itself enough to require treatment until about two months after the accident occurred, and the specialist was unable to relate it to that accident.
Plaintiff also had suffered from an ulcer for many years. He had been operated on for an ulcer 16 years before the accident occurred, and since that operation he has experienced episodes of pain from his ulcer every two or three months. He suffered such a flare up from his ulcer in May, 1968, which was a little more than two months after the accident occurred. Plaintiff concedes, however, that the discomfort which he suffered then was no different from that which he had. experienced prior to the accident.
Our conclusion is that the evidence fails to show that Billeaudeau’s pre-existing skin rash and ulcer were aggravated by the accident.
The evidence establishes that as a result of the accident Billeaudeau suffered an acute lumbo-sacral sprain. He was hospitalized for ten days in March, 1968, immediately after the accident occurred, for another ten day period in May, and for five or six days in September, 1968. He was placed in traction during the first two periods of hospitalization, he was confined to his bed for two weeks after his first release from the hospital, and he wore a back brace for approximately three months. He received diathermy and ultra sound treatments almost daily for about four months, and he has received them periodically since that time. He tried to return to his employment as an automobile salesman in April, 1968, but was compelled to quit about five days later because of pain. He has worked since June of that year, except during his period of hospitalization, but the evidence is convincing that he has worked with pain. He has suffered pain *594 in the low back area continuously since the date of the accident, and was still suffering at the time of the trial which took place about 18 months later. The preponderant medical testimony indicates that he has a five percent disability of the body as a whole.
After considering all of the evidence relating to the injuries sustained by plaintiff, we have concluded that the award of $11,-200.00 made by the trial judge for the injuries was within the range of the discretion vested in him. We have arrived at that conclusion despite the fact that the evidence fails to show a causal connection between the accident and the skin rash and ulcer flare up.
The trial judge awarded Billeaudeau $3,825.50 as his loss of earnings from commissions as an automobile salesman, resulting from the accident. He found that plaintiff had earned about $400.00 per month during the year, 1967, and he concluded that in this action he should recover $400.00 per month from the date of the accident to the end of 1968, less the amounts he earned during that period. We agree that plaintiff’s earnings prior to the accident amounted to about $400.00 per month, and we find no fault with the figures or the method used by the trial court in computing his loss of earnings.
Russell Brown, the six year old child of one of the plaintiffs, sustained minor injuries as a result of the accident, consisting of bruises on his right arm, elbow and shoulder. He also was extremely nervous when riding in a car for a period of about two months after the accident. We cannot say that the award of $200.00 made by the trial judge for these injuries was either excessive or inadequate.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendants-appellants.
Affirmed.