284 So.2d 791 (1973)
Camille MODICA
v.
MANCHESTER INSURANCE & INDEMNITY COMPANY et al.
No. 5849.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1973.
Nelson, Nelson, Garretson, Lombard & Rothschild, Charles C. Garretson, New Orleans, for defendants-appellants.
Dufour, Levy, Marx, Lucas & Osborne, Michael Osborne, New Orleans, for plaintiff-appellee.
Before GULOTTA, BOUTALL and BAILES, JJ.
GULOTTA, Judge.
This is a suit for damages arising out of an intersectional automobile accident. From a judgment in favor of plaintiff, *792 Camille Modica, in the sum of $4,357.15, defendants, Charles Hamaker and his liability insurer, Manchester Insurance & Indemnity Company, appeal. We affirm.
The accident occurred at the intersection of Banks Street and South Jefferson Davis Parkway in the City of New Orleans on May 5, 1971. Banks Street is a four-lane thoroughfare with a narrow median separating the two inbound lanes from the outbound ones. South Jefferson Davis Parkway is also a multiple-lane thoroughfare with a wider dividing median. The intersection is controlled by a traffic light.
Modica and her guest passenger, Clara Quina, were proceeding on Jefferson Davis Parkway in the direction of Uptown at approximately 7:00 a. m. the morning of May 5, 1971. Defendant Hamaker was traveling on Banks Street in the direction of the River and was in the far righthand lane. Plaintiff's automobile was struck on the right front near the door after she had made her way through the outbound lane of Banks Street, had traversed the median, and was approximately halfway through the inbound lanes of Banks Street. Plaintiff suffered injury and the total loss of her automobile.
A factual dispute developed at the trial as to which automobile had the green light.
Plaintiff testified that as she approached the intersection, she noted that the light was red and that there were two cars stopped in front of her waiting for the light to change. She stated that she slowed but did not come to a complete stop behind the two cars. The light then changed to green, and she followed the cars in front of her, proceeding across the intersection when the accident occurred. Her automobile was third in a line of traffic on South Jefferson Davis. Plaintiff further testified that she first looked down Banks Street to see if there were cars approaching as she slowed for the red light, and she saw nothing. She looked a second time when she was approximately halfway through the intersection; she saw the Hamaker vehicle at this time and realized that a collision could not be avoided.
Miss Quina, the guest passenger in plaintiff's car, substantiated plaintiff's testimony that the light was green when plaintiff approached the intersection and that plaintiff was the third car in line to enter the intersection. She confessed that she did not know what color the light was at the moment the collision occurred because she was not in a position to see it.
Hamaker's testimony was that the light was green in his favor and that he, not plaintiff, had the right of way. He stated that the light was red as he approached the intersection but that it turned green when he was approximately a half block away. He continued into the intersection and was unable to avoid the collision when Modica pulled into his path.
Defendants, Hamaker and his insurer, contend first that the light was green when Hamaker entered the intersection and, therefore, plaintiff's action in running the red light constituted negligence, which was the proximate cause of the accident. Secondly, defendants assert that even if it is decided that Hamaker had a red light, plaintiff is not entitled to recover because she was contributorily negligent.
The trial judge did not assign written reasons for judgment; however, it is clear that he concluded that plaintiff had the green light. If he had concluded that plaintiff ran the red light, he could not have rendered a judgment in plaintiff's favor unless he concluded defendant had the last clear chance to avoid the accident and failed to do so. Although last clear chance was alternatively pleaded, the record does not indicate that plaintiff seriously asserted that doctrine nor does she argue it on appeal. Thus, clearly the basis of the trial judge's decision was not that defendant had the last clear chance to avoid the accident and failed to do so but that he entered the intersection on a red light. Our consideration *793 of the record convinces us that Hamaker did so.
We now come to the question of plaintiff's contributory negligence. In this connection, we are presented with the issue of the duty of care required of a motorist to observe intersecting traffic when favored with a green light while traveling in a line of moving traffic. Defendant insists that even though a motorist is favored with a green light, he cannot blindly enter the intersection oblivious to traffic conditions but before entering must exercise caution to observe that the intersection is clear of traffic. Defendant relies on the following cases: Ashenfelter v. Gertrude Geddes Willis Life Ins. Co., 209 So.2d 299 (La. App. 4th Cir. 1968); Aucoin v. Fidelity General Insurance Company, 219 So.2d 532 (La.App. 3rd Cir. 1969); Rome v. S. D'Antoni, Inc., 246 So.2d 331 (La.App. 1st Cir. 1971); Currie v. Government Employees Insurance Company, 90 So.2d 482 (La.App. 2nd Cir. 1956).
We have no quarrel with these cases; however, they are not applicable to the facts of this case. They hold that if a motorist favored with a green light could have avoided an accident by the exercise of the slightest degree of care, then his failure to exercise that care will constitute contributory negligence. These cases are clearly distinguishable from the instant case from a factual viewpoint.
In the Ashenfelter case, supra, the court, in allowing recovery to a third-party intervenor, found both drivers negligent. The court concluded that the defendant motorist favored with a green light was traveling at an excessive rate of speed and failed to see the front of plaintiff's vehicle which was protruding into the intersection as a result of "inching out" on a red light.
It is difficult to see how the Aucoin case, supra, supports defendant's position. In that case, plaintiff, who was traveling on the favored thoroughfare, was found to be free of contributory negligence despite the fact that he had failed to notice defendant move into the intersection until the point of impact.
Rome v. S. D'Antoni, Inc., supra, is likewise distinguishable. There, plaintiff, after having stopped for a red light, entered the intersection immediately after the light turned green and struck a large tractor trailer truck which had preempted the intersection as the light was changing. Obviously, plaintiff failed to observe and exercise the slightest degree of care before entering the intersection.
The Currie case, supra, is inapplicable because in that case the court was unable to conclude which driver was favored with the green light. This is not the situation in the instant case.
When a motorist approaches an intersection with a green light facing him, he has the right to assume that others will stop in obedience to the red light. Bourgeois v. Francois, 245 La. 875, 161 So.2d 750 (1964). It is true, as pointed out by defendant, that such a motorist must continue to exercise the caution that is commensurate with the circumstances and must avoid accidents that can be averted by the exercise of the slightest degree of care; nevertheless, all that is required is that such a favored motorist maintain a general observation of the controlled intersection. Jordan v. Great American Insurance Company, 248 So.2d 363 (La.App. 4th Cir. 1971).
In the instant matter, plaintiff clearly discharged the duty placed on a motorist faced with a green light. Accordingly, we find no merit in defendant's assertion that plaintiff was contributorily negligent. The judgment is affirmed.
Affirmed.