322 So.2d 294 (1975)
David J. KEYSER, Jr.
v.
Jessie M. TRIPLETT, Jr., and Cumis Insurance Society, Inc.
No. 10407.
Court of Appeal of Louisiana, First Circuit.
September 2, 1975.
Rehearing Denied November 24, 1975.
Writ Refused January 16, 1976.
*295 Gary L. Keyser, Baton Rouge, for appellant.
Frank M. Coates, Jr., Baton Rouge, for Triplett & Cumis Ins.
Donald M. Garrett, Alexandria, for intervenor Houston Gen. Ins. Co.
Before SARTAIN, COVINGTON and BARNETTE, JJ.
COVINGTON, Judge:
The plaintiff-appellant, David J. Keyser, Jr., sued for personal injuries sustained by him in an accident at the intersection of Highway 19 and Lavey Lane in the Parish of East Baton Rouge. The defendants are Jessie M. Triplett and Cumis Insurance Society, Inc.; Houston General Insurance Company filed a petition of intervention as the workmen's compensation insurer of plaintiff's employer, seeking to recover the amounts paid under the workmen's compensation policy. The trial court rendered judgment in favor of the defendants and against the plaintiff and dismissed the intervention of Houston General Insurance Company. We affirm.
A state motorcycle policeman, on an alleged emergency call on November 8, 1972, at approximately 12:15 P.M., was involved in this collision with a 1971 Chevrolet pickup truck owned and operated by Triplett. Plaintiff had been assigned to provide a motorcycle escort for an oversized house which was being moved and was operating a red and white 1968 Harley-Davidson motorcycle, bearing the insignia of the Louisiana State Police Department, equipped with two red flashing lights and a mechanical siren.
At about 12 o'clock noon he received radio instructions to proceed immediately to headquarters on Airline Highway; shortly thereafter, said orders were changed and he was directed to proceed immediately to Ryan Airport, there to join his tactical unit in order to quell a disturbance at Southern University.
The call received was classified as a "Code 10-18", which means top priority emergency, authorizing travel with red flashing lights and siren. Pursuant to those instructions the policeman proceeded in a southerly direction on Highway 19 at an alleged speed of 45 to 50 miles per hour, allegedly displaying his emergency flashing lights and using his siren as he approached the intersection in Baker, Louisiana, where the accident occurred. Highway 19 is a four-lane, north-south traffic artery, connecting Baton Rouge, Baker and Zackary; Lavey Lane is a two-lane, eastwest thoroughfare, which continues on west of the intersection as Magnolia Drive.
*296 The two north-bound lanes of Highway 19 are separated from the south-bound lanes by double yellow caution lines. The movement of traffic through the intersection is controlled by two electric semaphores. The weather was clear and the pavement was dry.
The policeman was going southerly in the right, or outside, lane of Highway 19 and testified that he had engaged his lights and siren approximately one and one-half blocks north of the pertinent intersection and began to gradually reduce speed.
At the same moment, Triplett was operating his truck in a westerly direction on Lavey Lane; the semaphore signal was green to Triplett and red to the policeman. As the two vehicles attempted to negotiate the intersection simultaneously, the plaintiff's motorcycle collided or hit the passenger door of the defendant's pickup in the far outside south-bound lane of Highway 19. The policeman sustained various injuries, the most severe of which was a comminuted and displaced fracture of the left ankle involving the tibia and fibula, which required open reduction by Dr. A. C. Farries, Jr., an orthopedic surgeon, who testified by deposition.
The evidence clearly established that the plaintiff crossed the intersection against a red or "stop signal".
Plaintiff, at the trial, contended that the defendant, Triplett, was solely responsible for the accident in failing to yield the right of way to a police vehicle lawfully traversing an intersection in accordance with statutory law. Alternatively, he argued that the said defendant had the last clear chance to avoid the accident. The defense was that the plaintiff was solely responsible for the accident in attempting to negotiate the intersection against the unfavorable signal while travelling at an excessive rate of speed and in failing to give sufficient audible or visible warning of his approach. Defendants, in the alternative, plead the plaintiff's contributory negligence.
After the trial and judgment, the plaintiff moved for a new trial and later amended and supplemented said motion, stating in essence that the judgment was contrary to the law and the evidence and that evidence important to his cause has been discovered which, with due diligence, could not have been obtained before or during the trial. The motion for new trial was denied by the trial judge. On this appeal, appellant lists several specifications of error, to-wit:
1. The trial court erred in failing to apply the statutory law of Louisiana applicable to authorized emergency vehicles proceeding under emergency conditions, and, in so doing, failed to find the defendant, Jessie M. Triplett, negligent in failing to yield to the flashing red lights and siren and to yield to an emergency vehicle.
2. The trial court erred in failing to recognize overwhelming and unrebutted evidence of negligence on the part of the defendant, Jessie M. Triplett, in failing to react to what he saw or reasonably should have seen in the exercise of due diligence, which negligence proximately resulted in the accident forming the basis of this suit.
3. The trial court erred in finding the plaintiff, David J. Keyser, Jr., negligent in negotiating the intersection under the circumstances established by the evidence.
4. The trial court erred in finding the plaintiff, David J. Keyser, Jr., contributorily negligent and in failing to apply the doctrine of last clear chance, despite overwhelming evidence that the accident would have been avoided had the defendant, Jessie M. Triplett, merely slowed at the intersection instead of accelerating.
5. The trial court erred in failing to find that a law enforcement officer is entitled to the protection afforded *297 any other citizen under the doctrine of last clear chance.
6. The trial court erred in failing to grant a new trial for the purpose of adducing further testimony and evidence regarding the nature and circumstances of the cases and applicability of the doctrine of negligence, contributory negligence and last clear chance thereto.
7. The trial court erred in failing to grant a new trial for the purpose of adducing further testimony and evidence regarding the effectiveness of the mechanical siren on the emergency vehicle and its usage in the industry and the law enforcement community, which custom, usage and standard was invalidated by the court without notice or opportunity for the parties to litigate.
As a general rule, a driver approaching an intersection with the green light in his favor is not obliged to turn his head in the direction of traffic approaching from his left or right; Moore v. Traders & General Insurance Co., 227 So.2d 174 (La.App., 2nd Cir. 1969), writ refused, 254 La. 1103, 229 So.2d 114; Youngblood v. Robison, 239 La. 338, 118 So.2d 431. See also Hartford Accident & Indemnity Company v. Finley, 282 So.2d 830 (La. App., 1st Cir. 1973) to the same effect, and further that:
". . . a motorist crossing an intersection with the green light [in his favor] . . . becomes obligated to observe traffic moving in the same or opposing direction."
Of course, there are special statutes and cases relative to emergency vehicles.
For the purpose of resolving the legal issues involved, we have combined the first five specifications of error and the remaining two specifications. The issues are whether the trial court committed manifest error in concluding that Sergeant Keyser breached the duty owed his fellow motorist, mandated by LSA-R.S. 32:24 and LSA-R.S. 32:125, when he entered the intersection without sufficiently slowing down or stopping as necessity compelled for the safe operation of his vehicle, and whether the trial court committed error in denying him a new trial.
The statutory provisions pertinent to the decision herein are as follows:
"LSA-R.S. 32:24 Emergency vehicles; exceptions
A. The driver of an authorized emergency vehicle, when responding to an emergency call, or when in pursuit of an actual or suspected violator of the law, or when responding to, but not returning from, a fire alarm, may exercise the privileges set forth in this Section, but subject to the conditions herein stated.
B. The driver of an authorized emergency vehicle may;
* * * * * *
(2) Proceed past a red or stop signal or stop sign, but only after slowing down or stopping as may be necessary for safe operation;
* * * * * *
C. The exceptions herein granted to an authorized emergency vehicle shall apply only when such vehicle is making use of audible and visual signals sufficient to warn motorists of their approach, except that a police vehicle need not be equipped with or display a red light visible from in front of the vehicle.
D. The foregoing provisions shall not relieve the driver of an authorized vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others."
*298 "LSA-R.S. 32:125 Procedure on approach of authorized emergency vehicle
A. Upon the immediate approach of an authorized emergency vehicle making use of audible and visual signals, or of a police vehicle properly and lawfully making use of an audible signal only, the driver of every other vehicle shall yield the right of way and shall immediately drive to a position parallel to, and as close as possible to, the right hand edge or curb of the highway clear of any intersection, and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer.
B. This section shall not operate to relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the highway."
Sergeant Keyser was operating an authorized emergency vehicle in response to an emergency call. Undoubtedly, he qualified under Paragraph A of R.S. 32:24 and "may exercise the privileges set forth in this Section". However, these privileges are subject to the conditions found in Paragraphs C and D.
Drivers of emergency vehicles must "drive with due regard for the safety of all persons". Section B(2) states that the driver of an authorized emergency vehicle may proceed past a red signal "but only after slowing down or stopping as may be necessary for safe operation." Powell v. Allstate Insurance Company, 233 So.2d 38 (La.App., 2nd Cir. 1970).
Appellant contended at the trial, and now on appeal, that his siren was operational and emitted a loud and audible signal; moreover, he also contended that his red flashing lights were turned on and in proper working condition. We have examined the testimony of the plaintiff's witnesses and find no error in the trial court's conclusion. Billy Wayne Tatum and William R. Flory were playing golf and heard the impact but neither heard an audible signal from the plaintiff's siren sufficient to warn motorists prior to the collision. Grady K. Hungate was the only eye-witness to the accident, as he was travelling on Highway 19 in a northerly direction and slowing his vehicle because of the red traffic signal facing him. He testified that he was about 50 to 100 feet from the intersection when the accident occurred and although he heard the siren "winding down" after the accident, he did not hear the siren prior to the accident, nor did he see the flashing red lights which appellant contends were in operation.
The trial court therefore held that:
"The Court, after reviewing the testimony, is convinced that the mechanical siren was operating subsequent to impact. Assuming arguendo that the siren was operating prior to the accident, this Court has no alternative but to hold that same did not emit an audible signal sufficient to warn a reasonably alert motorist of the approach of an emergency vehicle."
We held, in Cotten v. Transamerica Insurance Company, 211 So.2d 110, at page 116 (La.App., 1st Cir. 1968):
"What constitutes compliance with the statutory requirement that the signal be `sufficient to warn motorist' is, of course, a factual issue to be determined in the light of the circumstances of each particular case. It is obvious, however, that the sound must be of such a nature as clearly characterize[d] it as a warning device and of such volume and intensity as to be heard by a motorist possessed of average hearing."
The trial judge, in his Written Reasons for Judgment, did not refer to the matter of appellant's plea of the last clear chance doctrine; however, appellant has *299 urged that plea from the beginning of this cause and throughout this appeal. We find that the doctrine is not applicable under the facts of this case because appellant testified that when he first saw Triplett's truck he only lightly applied his brakes and then, realizing that Triplett was not going to stop, "I slammed on my brakes and cut to the right", Tr. 89.
Again, relative to Triplett's situation, our Supreme Court held in Carter v. New Orleans Public Service, Inc., 305 So.2d 481 (La.1974), quoting from one of its prior cases:
". . . the rule is established in this State that a motorist travelling on a favored street, and, a fortiori, on a street controlled by electric semaphore lights, is entitled to assume that. . . traffic facing a red light, will . . . respect his right-of-way. Indeed, it is now well settled that it is only in exceptional circumstances [as], where the motorist on the favored street could have avoided the accident by the exercise of the slightest sort of observation and care, that he will be found derelict.'" (emphasis added).
Also, see Powell v. Allstate Insurance Company, supra.
Appellant urges in his brief that the trial court erroneously based his decision, at least in part, on his finding that the mechanical siren on the motorcycle operated by the appellant did not emit an audible signal sufficient to warn a reasonably alert motorist of the approach of an emergency vehicle. In view of the testimony of the plaintiff's own witnesses, Messrs. Tatum and Flory, and Hungate, whom he called on direct examination, we cannot say that the trial judge committed manifest error.
As set forth in the case of Canter v. Koehring, 283 So.2d 716 at page 724 (La. 1973):
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error."
Our holding in Reech v. Bodin, 286 So. 2d 477 (La.App., 1st Cir. 1973) is in accord therewith.
Accordingly, we affirm the holding of the trial court; all costs are assessed against plaintiff-appellant.
Affirmed.