403 So.2d 838 (1981)
Dillard McCOY and Gloria McCoy, Plaintiffs-Appellants,
v.
Milton CHAMBERS, Linda W. Spearman and Southeastern Fidelity Insurance Company, Defendants-Appellees.
No. 14613.
Court of Appeal of Louisiana, Second Circuit.
August 25, 1981.
*839 Rothell & Cohn, Ltd. (a Professional Law Corp.) by David A. Rothell and David M. Cohn, Mansfield, for plaintiffs-appellants.
Lunn, Irion, Switzer, Johnson & Salley by Jack E. Carlisle, Jr., Shreveport, for defendants-appellees.
Before PRICE, MARVIN and FRED W. JONES, Jr., JJ.
FRED W. JONES, Jr., Judge.
A wife-driver and her husband filed suit for damages allegedly resulting from a collision with another vehicle at an intersection in Mansfield. Defendants, driver of the other car, its owner and his insurer, reconvened for damages. The trial judge rejected both plaintiffs' demands and those of the reconvenors. Plaintiffs appealed the dismissal of their suit. We reverse.
The record shows that Washington Avenue is a four lane thoroughfare running generally north and south through Mansfield. Gibbs Street, which intersects with Washington Avenue, runs generally east and west. At the time of the accident, traffic at this intersection was controlled by an electric semaphore signal.
At about 4:30 p. m. on March 11, 1978, Gloria McCoy was driving a car, owned by the community existing between her and Dillard McCoy, north on Washington Avenue in the outside lane, approaching the intersection with Gibbs Street from the south. At the same time Linda Spearman was driving a car belonging to Milton Chambers west on Gibbs Street, approaching the intersection with Washington Avenue from the east. As both cars neared the described intersection, a heavy rain started falling. There was considerable traffic in the vicinity of the intersection.
*840 Mrs. McCoy testified that she was traveling toward the intersection at a speed of 20 to 25 miles per hour. She observed that the traffic light facing her was red, and braked slightly. Before reaching the intersection she noted that the light changed to green and gave her car "a little gas," proceeding into the intersection. At that instant she observed that the Spearman vehicle (thus described herein for sake of clarity, though owned by Chambers) was stopped a few feet away, projecting out into the intersection, partially blocking her traffic lane. Mrs. McCoy sounded her horn and applied pressure to her brakes. The latter locked and the McCoy vehicle slid into the Spearman car, striking it on the left front side. Mrs. McCoy explained that she did not attempt to turn to her left because traffic occupied that lane.
The testimony of Mary Hives, a passenger in the McCoy automobile, was substantially the same as that of Mrs. McCoy, particularly with reference to the protrusion of the Spearman vehicle into the intersection at a time when the McCoy car was just entering the intersection.
Linda Spearman admitted in her testimony that just before the collision she had stopped her car on Gibbs Street, in obedience to a red traffic light, prior to entering the intersection with Washington Avenue. She denied that any part of her car extended out into the intersection. Miss Spearman further stated that she did not see the McCoy automobile before it struck her car. Asked how long she had been stopped on Gibbs Street before the collision, Miss Spearman replied: "The light changed as I was coming up to the light, it changed to red, and I sit there. It was one (1), two (2), three (3) seconds."
The Spearman denial that her car was obstructing any part of the McCoy vehicle's traffic lane was corroborated by the testimony of Charlie Mayberry, a passenger in the Spearman car. However, one variance in their testimony was Mayberry's assertion that the Spearman vehicle had been stopped one or two minutes rather than seconds before the collision.
Garner Short testified that, just prior to the accident, he was traveling south on Washington Avenue in the inner traffic lane, approaching the intersection with Gibbs Street from the north. When about 50 yards from the intersection Short noticed the Spearman car "kind of drifting forward" into the intersection. As he reached a point approximately 40 yards from the intersection, Short observed that the Spearman vehicle was stopped on Gibbs Street, with the front of the car protruding out into the intersection. Short stated that he also witnessed the approach of the McCoy vehicle. Asked to estimate the distance of that car from the intersection when the Spearman automobile came to a stop, Short replied: "I could not. She was closer than I was to it."
Officer Adams of the Mansfield Police Department, who investigated the accident, testified that upon his arrival at the scene the front end of the Spearman vehicle (entire hood portion) extended into the intersection. Damage to the automobile, where it was struck by the McCoy car, ran from the rear of the left headlight back to the driver's door. The Spearman vehicle had been hurled, by the force of the impact, against a telephone pole situated at the northeast corner of the intersection near the edge of Washington Avenue.
Based upon his assessment of witness credibility, viewed in the context of the physical evidence (particularly the location of the telephone pole against which the Spearman car was thrown), the trial judge made the fact-finding that, at the time of the collision, the front end of the Spearman vehicle was protruding into the intersection, partially blocking the traffic lane of the McCoy automobile. He correctly applied the law to hold that Miss Spearman was guilty of negligence.
The trial judge, in his written reasons, then proceeded to find that Mrs. McCoy could have avoided the accident had she kept a proper lookout to the front and observed the Spearman car in her lane of traffic when she should and could have done so. Calculating the distance in which *841 Mrs. McCoy should have stopped, the trial judge resorted to use of a "stopping distance chart" published in a law review article. This chart had not been received in evidence at the trial. The trial judge concluded that Mrs. McCoy's contributory negligence barred recovery by plaintiffs. The latter argue that he erred in this ruling, thus posing the primary issue for consideration on appeal.
A party who pleads contributory negligence bears the burden of establishing facts which will support and prove that affirmative defense by a preponderance of the evidence. Bass v. Aetna Insurance Co., 370 So.2d 511 (La.1979); Billeaudeau v. Travelers Insurance Co., 232 So.2d 590 (La. App.3rd Cir. 1970).
Addressing generally the duty of a motorist approaching an intersection controlled by a semaphore signal, when the light facing him is green, the court in Champagne v. McDonald, 355 So.2d 1335 (La.App.3rd Cir. 1978) stated:
"A motorist approaching an intersection controlled by semaphore signals, who is favored by a green light, is entitled to assume that traffic approaching the intersection from either side on a red light will comply with the red light and respect his right-of-way. Bourgeois v. Francois, 245 La. 875, 161 So.2d 750 (La.1964); Carter v. New Orleans Public Service, Inc., 305 So.2d 481 (La.1974). The favored motorist is not obligated to look to his left or right before entering the intersection. Correge v. Webb, 284 So.2d 355 (La.App. 4th Cir. 1973, writ refused); Bradley v. Allstate Insurance Co., 307 So.2d 132, supra; Keyser v. Triplett, 322 So.2d 294 (La.App. 1st Cir. 1975, writ refused); Welton v. Falcon, 341 So.2d 564 (La.App. 4th Cir. 1976, writs refused), and will be held accountable only if he could have avoided the accident with the exercise of the slightest degree of care and fails to do so. Bradley v. Allstate Insurance Co., supra; Bourgeois v. Francois, supra. All that is required is that the favored motorist maintain a general observation of the controlled intersection. Jordan v. Great American Insurance Company, 248 So.2d 363 (La.App. 4th Cir. 1971); Modica v. Manchester Insurance & Indemnity Co., 284 So.2d 791 (La.App. 4th Cir. 1973)."
Though a motorist on a favored street has the right to assume that a driver approaching on a less favored street will yield the right of way, once he sees or should have seen that the other car will not observe the law, he must exercise reasonable care to avoid a collision. Burns v. Dominique, 354 So.2d 763 (La.App. 4th Cir. 1978).
The critical factual question in this case (determinative of the issue of Mrs. McCoy's contributory negligence) is the distance between the Spearman car when it stopped, extending into the intersection, and the oncoming McCoy vehicle. In finding that the distance was sufficient to give Mrs. McCoy adequate time to stop her automobile and avoid the accident, the trial judge emphasized that there was "no reason why plaintiff driver could not have seen the stopped vehicle in her traffic lane from at least forty-fifty (40-50) yards away, as Garner Short did." (Emphasis added) He appeared to overlook Short's testimony that he could not state the distance Mrs. McCoy's car was from the intersection when the Spearman vehicle stopped there, but that it was closer than his automobile. Furthermore, although Mayberry related that the Spearman vehicle had been stopped one or two minutes prior to the collision, there was the unequivocal testimony of Miss Spearman that only seconds had elapsed.
In summary, our careful review of the record reveals inadequate evidentiary support for the trial judge's finding that Mrs. McCoy was far enough away from the Spearman car when it stopped in the intersection to avoid the collision. Therefore, the trial judge was clearly wrong in this fact-finding, upon which was based his conclusion that Mrs. McCoy was contributorily negligent. We note, parenthetically, that he also erred in considering a "stopping distance chart" which had not been received in evidence. See Cole v. Maryland Casualty *842 Co., 205 So.2d 863 (La.App.3rd Cir. 1968); Picard v. Joffrion, 202 So.2d 372 (La.App. 1st Cir. 1967); Guidry v. Grain Dealers Mutual Ins. Co., 193 So.2d 873 (La.App.3rd Cir. 1967).
As previously noted, the trial judge found that Miss Spearman was guilty of negligence. Defendants did not appeal. However, there is nothing in the record which would impute the negligence of Miss Spearman to Milton Chambers, the owner of the car she was driving. See Martin v. Brown, 240 La. 674, 124 So.2d 904 (1960); Williams v. Sharlow, 388 So.2d 809 (La. App.4th Cir. 1980). Therefore, Chambers is not liable to plaintiffs for their damages.
As a result of the accident Mrs. McCoy received relatively minor injuries, including contusions, a broken tooth, a burst lip and back muscle sprains. She was not hospitalized and missed only one day from work. Medical bills amounted to $341.20. Under the circumstances we conclude that the sum of $2,000 will adequately compensate for her general damages. She also lost $10.40 in wages. Since the insurance deductible on the policy covering their car was $100, McCoy paid this amount on his property damage and is entitled to recover that.
For the reasons set forth, the judgment of the district court dismissing the suit of the McCoys is reversed. Accordingly, it is ordered, adjudged and decreed that there be judgment in favor of Dillard McCoy against Linda W. Spearman and Southeastern Fidelity Insurance Company, in solido, for the sum of $441.20, with legal interest from date of judicial demand. It is also ordered, adjudged and decreed that there be judgment in favor of Gloria McCoy against Linda W. Spearman and Southeastern Fidelity Insurance Company, in solido, for the sum of $2,010.40, with legal interest from date of judicial demand. Linda W. Spearman and Southeastern Fidelity Insurance Company are cast for all costs of court, both in the district court and on appeal.